**TABOR v. UNITED STATES.**

No. 6568.

United States Court of Appeals
Fourth Circuit.

Submitted April 7, 1953.

Decided May 1, 1953.

Writ of Certiorari Denied June 15, 1953.

See 73 S.Ct. 1148.

Bernard H. Tabor, pro se.

A. Garnett Thompson, U. S. Atty., on the brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

■ ■ This is an appeal from an order denying a motion to vacate sentence under 28 U.S.C. § 2255. In November 1951 appellant was charged, under an indictment containing three counts, with crimes involving the transportation of stolen automobiles in interstate commerce. He was represented by counsel and entered a plea of guilty to the charges contained in two of the counts and the remaining count was dismissed. It appears from the record that this was done after a motion for continuance of the case had been denied. The judge heard the evidence and imposed a sentence with which appellant was dissatisfied. Subsequently, appellant made a motion that the sentence be vacated and that he be allowed to withdraw his plea of guilty, which was denied. After appellant had entered upon the service of his sentence, he made another motion to vacate the sentence, which was denied on the ground that the files and records in the case conclusively showed that he was entitled to no relief. In December 1952, he again moved for vacation of sentence and the motion was again denied. This appeal is from the denial of the last motion. We have gone through the record carefully and think that the motion was properly denied. Defendant, who according to his own statement had spent eight and one-half of his twenty-eight years in a penitentiary, thoroughly understood what he was doing in entering a plea of guilty to two counts of the indictment in consideration of the remaining count being dismissed. There is no evidence that any promises were made to him by the prosecution or that any hope was held out to him by the judge to induce him to plead guilty. He was represented by competent counsel, and the fact that he received a longer sentence than he thought he should have had is no basis for setting aside the court's action.

Affirmed.