**MEREDITH v. UNITED STATES.**

No. 6692.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1953.

Decided Dec. 9, 1953.

Mark David Coplin, Baltimore, Md. (Weinberg & Green, Baltimore, Md., on brief), for appellant.

A. Garnett Thompson, U. S. Atty., Charleston, W. Va., on brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal from an order denying a motion to vacate sentence under 28 U.S.C. § 2255. Appellant was indicted with another for the crime of kidnapping in violation of 18 U.S.C. § 1201. He voluntarily entered a plea of guilty to the charge contained in the indictment, being represented in court at the time by counsel of his own choosing and employment. The record of the proceedings had at the time, which is before us, shows that the District Judge not only made full inquiry as to whether the plea of guilty was knowingly and understandingly entered by appellant but also heard evidence and made full inquiry as to the facts constituting the crime which had been committed. The proceedings were taken down in shorthand by the court reporter and the transcript of her notes shows that counsel for appellant was fully heard, that appellant himself was asked by the judge whether he had anything to say and replied in the negative, and that the FBI agent who had investigated the crime and the probation officer who had examined into the record of appellant were examined in open court. The facts developed were that appellant and one Haynes had approached a parked car in which a young woman was sitting with a young man, had struck the young man over the head with a wrench and had then kidnapped the young woman and had attempted to commit a rape upon her. Appellant had a prior criminal record and was out on probation under order of a state court. In pronouncing sentence the judge made the following statement about the case:

"You men have committed what is just about one of the most serious crimes in the whole federal catalog. You have pleaded guilty to kidnapping a girl that you had never seen before. In connection with that kidnapping, one of you struck a man that you didn't know over the head with a wrench which could have killed him, only it happened you didn't hit him quite hard enough; and then the other one—there has been testimony here that I don't have the slightest doubt of—did his best to commit a rape on this girl he had never seen before, after having forcibly taken her into the car; and then, both of you considered murdering the girl and disposing of her body, but it happened that you didn't do it. Now if there is anything much worse than that, I never heard of it. It is just your good fortune that Mr. Pfau was not killed and that the rape wasn't actually consummated on Miss Winebarger. Now as to the record: the record of Meredith is worse than that of Haynes, it is true. This explanation that Meredith makes about the armed robbery, that the two men in bed forced some money on him when he had a pistol pointed at them, is about the thinnest excuse for armed robbery I have ever heard given."

Appellant complains of the services of counsel, but the record made before the judge shows that the complaint is groundless and frivolous. He complains also that his counsel advised him that he would get a lighter sentence

682

by pleading guilty than by fighting the case and that the FBI agent made a similar statement to him; but there is no contention that the judge or the United States Attorney made any promises to him or misled him in any way. If his counsel advised him to plead guilty, it was probably good advice. Certainly it furnishes no basis for setting aside the sentence or for having the appellant brought from prison and accorded another hearing in court. As said in Tabor v. United States, 4 Cir., 203 F.2d 948: "There is no evidence that any promises were made to him by the prosecution or that any hope was held out to him by the judge to induce him to plead guilty. He was represented by competent counsel, and the fact that he received a longer sentence than he thought he should have had is no basis for setting aside the court's action." There was no occasion for the court to accord the appellant a hearing on his petition since, to use the language of the statute under which the motion was made, the records in the case conclusively show that he was entitled to no relief.

Affirmed.