**Randolph TURNER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14446.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1958.

Decided July 10, 1958.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant. Appellant filed a brief pro se.

Mr. Edgar T. Bellinger, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before MADDEN, Judge, United States Court of Claims,* and BAZELON and BURGER, Circuit Judges.

PER CURIAM.

Appellant was convicted in 1953 for violation of narcotic laws. On direct appeal we affirmed.[1] About three years later, appellant filed a motion under 28 U.S.C. § 2255 to vacate his sentence, alleging denial of a fair trial by misconduct of a juror—described now by his counsel as the juror's failure to live up to a promise to be "sympathetic" to appellant. The District Court denied his motion and on appeal from that denial we dismissed.[2]

In December 1957, appellant again filed a motion under section 2255, alleging a number of violations of constitutional rights; some new, and some previously raised on the direct appeal. The District Court denied relief without a hearing, on the ground that the motion was a second or successive motion,[3] and alternatively, that the files and records conclusively showed that appellant was entitled to no relief.

Where there has been a previous appeal or a previous 2255 motion, the District Judge has discretion to deny relief as to those allegations which could have been, but were not, raised in the earlier proceeding, unless the petitioner has "some justifiable reason he was previously unable to assert his rights," or

---

* Sitting by designation pursuant to the provisions of Sec. 291(a), Title 28 U.S. Code.

1. Carrado v. United States, 1953, 93 U.S. App.D.C. 183, 210 F.2d 712.

2. Turner v. United States, No. 13178 (Oct. 4, 1956).

3. "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Cf. Belton v. United States, —— U.S.App. D.C. ——, 259 F.2d 811 (dissent); Salinger v. Loisel, 1924, 265 U.S. 224, 44 S. Ct. 519, 68 L.Ed. 989.

unless he was "unaware of the significance of relevant facts." [4] Absent some allegation or evidence as to what is the "justifiable reason" or "unawareness," the District Court is under no duty to grant a hearing on what appear on the face of the petition to be old claims; indeed without such allegations the District Judge cannot even be aware of a possible basis for exercising his discretion to grant a hearing, applying the standards of Price v. Johnston, supra note 4. Here those of appellant's allegations reviewable on a § 2255 motion could readily have been raised on the first § 2255 motion, and of course all of the allegations could have been raised on the direct appeal. No indication of any "justifiable reason" or "unawareness" is apparent or alleged.[5] Hence, the District Court did not abuse its discretion in refusing relief[6] on the grounds this was a second or successive motion for similar relief.

Affirmed.

BAZELON, Circuit Judge, concurs in the result.

4. Price v. Johnston, 1948, 334 U.S. 266, 291, 68 S.Ct. 1049, 92 L.Ed. 1356; cf. Wong Doo v. United States, 1924, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999.

5. Under Price v. Johnston a second or successive petition for habeas corpus may properly be entertained if it (1) asserts a claim not previously passed on and (2), asserts or demonstrates "some justifiable reason [why petitioner] was previously unable to assert his rights or was unaware of the significance of relevant facts * * *." At page 291 of 334 U.S. at page 1063 of 68 S.Ct.

6. See Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812, certiorari denied, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843, rehearing denied 350 U.S. 1003, 76 S.Ct. 550, 100 L.Ed. 866.