**Warren E. MOORE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15405.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 23, 1960.

Decided May 5, 1960.

Mr. Wilbert McInerney, Washington, D. C. (appointed by this court), for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before Mr. Justice BURTON, retired,* and WILBUR K. MILLER and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

This is a case under 28 U.S.C. § 2255. The appellant, Warren E. Moore, and one James A. Marshall were tried before a jury for, and were found guilty of, housebreaking and petit larceny. The com-

* Sitting by designation pursuant to Sec. 294 (a), Title 28 U.S.C.

plaining witness and a police officer testified that, in their presence, Moore and Marshall accused each other of the actual entry and theft, and subsequent sale of the radio-phonograph which was stolen. Each said, however, he received a part of the proceeds of the sale.

On November 4, 1955, Moore was sentenced to from three to nine years for housebreaking, and to a concurrent sentence of one year for petit larceny, and did not file a timely notice of appeal. On May 24, 1956, he filed an application for leave to appeal in forma pauperis, which was denied four days later. Moore then filed a motion for reconsideration in which, for the first time, he asserted that a police witness had given perjured testimony against him. The motion was denied August 8, 1956.

On January 30, 1957, the appellant filed a motion for relief under 28 U.S.C. § 2255, alleging his admissions were extracted from him in violation of his constitutional rights and that Rule 5, Federal Rules of Criminal Procedure, 18 U.S.C., was also violated. The motion was denied February 1, 1957, and no appeal was taken.

A second motion under § 2255 was filed July 12, 1958, in which Moore alleged the Government knowingly used perjured testimony at his trial. This motion was denied by the District Court September 12, 1958, on two grounds: (a) that it was "a successive Motion for similar relief";[1] and (b) that "the Motion and the files and records of the case conclusively show that petitioner is entitled to no relief." This appeal in forma pauperis, allowed by this court August 31, 1959, is from the denial of the second motion.

Moore did not rely on the alleged use of perjurious testimony in his first motion under § 2255. That he knew then as much as he knows now on the subject

is apparent from the record; yet in the second motion he set forth no reason why he was "previously unable to assert his rights," and did not allege he had previously been "unaware of the significance of relevant facts."[2] In those circumstances, the District Court had discretion to deny relief as to those allegations which could have been, but were not, raised in the earlier proceeding. Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165.

Affirmed.

---

1. "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Cf. Belton v. United States, 1958, 104 U.S.App.D.C. 81, 87, 259 F.2d 811,

817 (dissent); Salinger v. Loisel, 1924, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989.

2. Price v. Johnston, 1948, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356; cf. Wong Doo v. United States, 1924, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999.