James C. KESEL, Appellant,

v.

Curtis REID, Superintendent, District of Columbia Jail, et al., Appellees.

No. 15361.

United States Court of Appeals District of Columbia Circuit.

Argued June 28, 1960.

Decided Sept. 8, 1960.

Mr. John P. Arness, Rockville, Md. (appointed by this court), with whom Mr. Albin C. Koch, Sewickley, Pa., was on the brief, for appellant.

Mr. Stephen N. Shulman, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

PER CURIAM.

James C. Kesel entered a plea of guilty in August, 1949, to two charges of robbery, and was sentenced to consecutive terms of three to nine years under one indictment and five to fifteen years under the other. On January 20, 1950, he filed a motion to grant a new trial or to vacate and set aside the judgment. In support, he alleged he was wrongfully sentenced without counsel and without being advised of his right to counsel. He also alleged he had "signed a paper asking for an attorney at the District Jail." After a hearing in which it developed that at the time of the plea the court's offer to appoint counsel had been rejected by appellant, his motion was denied. The court appointed counsel to assist appellant further, but no appeal was taken.

On February 2, 1951, Kesel renewed the motion to vacate the judgment and grant a new trial. The motion was denied. On January 8, 1953, Kesel filed a third motion—called a "petition to vacate sentence and judgment,"—alleging deprivation of counsel, accompanied by a motion for appointment of counsel. The District Court denied the motion to vacate sentence and judgment, but appointed counsel. Nevertheless, no appeal was taken.

On October 8, 1956, the District Court, on application of the Board of Parole, reduced the minimum of appellant's combined sentences by one year to make him eligible for parole sooner, and on April 1, 1957, he was paroled. On May 17, 1958, while on parole, appellant committed another robbery, for which he was indicted July 21, 1958. An attorney who had been appointed to defend appellant appeared with him when he pleaded not guilty on July 25, 1958. On August 5, still represented by counsel, appellant withdrew his plea and entered a plea of guilty as charged. Still with counsel, appellant was sentenced September 19 to imprisonment for a term of one to three years, the sentence to take effect after the expiration of the second of the 1949 consecutive sentences. This 1958 sentence has never been challenged by appeal or by collateral attack. Parole on the 1949 sentences was revoked July 23, 1958.

On May 8, 1959, through another attorney, appellant again sought relief from his 1949 sentences under 28 U.S.C. § 2255. The deprivation of counsel without waiver was again alleged, and the signing of a request for counsel in jail was again recited. In addition, the motion alleged appellant was not competent to stand trial in 1949 because in 1945 he had been discharged from the Navy as a psychoneurotic and because he had had a syphilitic condition when he pleaded guilty. This motion was denied May 15, 1959, with the notation, "The records and files conclusively show that petitioner is entitled to no relief."

Even if diagnoses of psychoneurosis four years before the crimes and of a syphilitic condition at the time of their commission had been considered as sufficient to indicate mental incompetence to plead guilty, the files and records showed appellant's earlier collateral attacks had not suggested mental incompetency to plead guilty on those or any other grounds, although he had known of the diagnoses from the times they were made.

On July 29, 1959, Kesel filed a petition for a writ of habeas corpus. In that petition he again alleged he was deprived of the assistance of counsel without waiver, and again recited that he had signed papers requesting counsel in the District Jail. Appellant also alleged his discharge from the Navy and his syphilitic condition, adding that he "faintly" recalled pleading guilty when he was asked to plead, yet "at the same time" remembered that several police officers had assured him a guilty plea would result in a sentence no greater than one to three years. Appellant described the § 2255 motion filed by his attorney as "a challenge as to the ability and the competency of petitioner to voluntarily and/or, understandingly enter a plea of 'guilty' at the time such plea was so made by petitioner." And he summed up his habeas corpus petition thus:

> "Petitioner's position is simply this: He did not have the assistance of counsel as guaranteed to him under the '6th—Amendment to our United States Constitution,' nor did the petitioner competently, intelligently and with the full understanding and the comprehension of the complications facing him, plead guilty, or/and waive his right to counsel. * * *"

Issuance of the writ was denied, and the appellant prosecuted this appeal.

The foregoing detailed account of appellant's previous attempts to be released from the sentences of 1949 makes it clear, we think, that the District Court properly refused to entertain Kesel's 1959 petition for habeas corpus, whether it be treated as such or as a motion under § 2255. The District Court is not required to entertain a petition for habeas corpus which "presents no new ground not theretofore presented and determined" (28 U.S.C. § 2244) nor "a second or successive motion for similar relief [under 28 U.S.C. § 2255] on behalf of the same prisoner."

The only allegation contained in the present petition that had not been made in an earlier motion is that appellant,

who received a combined sentence of eight to twenty-four years, was assured by several police officers that a guilty plea would result in a sentence of not more than one to three years. Appellant must have known this alleged fact when he filed his first motion. The petition made no suggestion that he was previously unable to assert it or unaware of its significance. Under these circumstances, the District Court's refusal to entertain the petition was entirely correct under Turner v. United States, 1958, 103 U.S. App.D.C. 313, 258 F.2d 165; and Moore v. United States, 108 U.S.App.D.C. 14, 278 F.2d 459.

Affirmed.

FAHY, Circuit Judge (dissenting).

On May 15, 1959, the District Court without a hearing denied appellant's section 2255 motion. The motion alleged *inter alia* that at the time of his plea of guilty of robbery, and sentence therefor in 1949, he was not competent to stand trial or to assist in his defense. His motion papers gave certain details. He alleged he had been discharged from the United States Navy in 1945 because he was then suffering from psychoneurosis, and that he had been found at that time to be suffering from syphilis, a condition he alleges persisted until his incarceration in 1949. In support he attached a letter from the senior medical officer of the jail. Finally he alleged he would produce witnesses and additional testimony in support of the foregoing.

He did not appeal from the denial of the motion on May 15, 1959, but this is explained by the fact that he had no notice of the denial until after the appeal period had expired.[1]

On July 29, 1959, he filed a petition for writ of habeas corpus. It is from the denial without a hearing of any process under this petition that he now appeals. He states in the petition for the writ that when he appeared in court to answer the indictment he was not well, "both mentally and physically," that his mind was in a state of anxiety, turmoil and frustration, so as to render impossible his capacity for thinking with reason, and that he was torn with fear. He was without counsel. He further alleges that when he did not get to see the attorney he had been led to believe would be present, when the judge asked him if he would like counsel he does not recall just what was said but is informed he replied in the negative, and pleaded guilty, remembering that several police officers had told him to do so and promised to see that he would not get over one to three years sentence since he was a first offender. He also states in the petition that he had at no time waived his right to be represented by counsel, repeats the allegations respecting psychoneurosis, and adds that he had been confined to the Psychopathic Ward of the Naval Hospital at Pearl Harbor five months before his discharge in 1945, and that his mental and physical deterioration was such that he was not competent voluntarily or understandingly to plead. He alleges further he was not afforded a chance to consult with counsel as to his mental state and condition, to have a motion made to the court for an examination appropriate in the premises, and that he was not represented by counsel as he had been promised.

Appellant's three attempts to gain collateral relief prior to his section 2255 motion which was denied May 15, 1959, raised issues concerning his right to counsel and whether there had been a waiver of that right. No allegation of mental incompetence to plead appeared in those prior motions, and, as I have said, there was no hearing on the issues raised in his petition of July 29, 1959, the denial of which is the subject of the present appeal.

In view of the unchallenged allegations in his petition of July 29, 1959, especially when considered with the failure of the court at the time of accepting his plea and sentencing him to advise appellant

---

1. His attorney did receive notice but it does not appear that appellant was notified. His present counsel represents that appellant was not notified.

clearly of his constitutional right to the assistance of counsel, it was error I think for the court to deny the petition without a hearing, and even without the issuance of a rule to show cause. See Smith v. United States, 106 U.S.App.D.C. 169, 270 F.2d 921, and cases therein cited, including Seidner v. United States, 104 U.S.App.D.C. 214, 260 F.2d 732.