William H. COATES, Appellant

v.

UNITED STATES of America, Appellee.

No. 15965.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1960.

Decided Nov. 18, 1960.

Mr. Hugh Latimer, Washington, D. C. (appointed by this court) with whom Mr. Lawrence Speiser, Washington, D. C., was on the brief, for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This case was previously remanded with directions to accord appellant the hearing contemplated by 28 U.S.C. § 2255, Coates v. United States, 106 U.S.App. D.C. 389, 273 F.2d 514. By his section 2255 motion appellant sought to vacate sentence imposed upon his plea of guilty to a violation of the narcotics laws. The plea was alleged to have been made when appellant was under the influence of narcotics. On the remand the court held a hearing, made findings of fact, and concluded that the plea had been validly and competently made. The motion accordingly was denied.

While we do not approve the failure of the court to permit counsel for defendant to inspect notes which a psychiatric witness appeared to be using in his testimony, or the restriction of cross-examination of this witness, in the context of the record as a whole these rulings do not warrant reversal of the order denying the motion. The questioned rulings do not undermine the conclusion reached on the basis of the whole record.

As to the contention that there is no supporting evidence for the finding that at the time of the plea defendant "was not under the influence of drugs," we read this with the finding with which it is conjoined, namely, that defendant "freely, intelligently and understandingly, and with full knowledge of his rights, entered a plea of guilty." We do not think the court misunderstood the evidence but rather found that such use of drugs as was shown by the evidence did not influence the plea.

Affirmed.