Harold Belton ANDREWS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18637.

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1961.

Harold B. Andrews, pro se, for appellant.

William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CHRISTENBERRY, District Judge.

RIVES, Circuit Judge.

This appeal is from an order declining to entertain a second or successive motion attacking sentence under 28 U.S.C.A. § 2255. The district court relied upon that section's provision that, "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

It is well settled that that provision does not give the district court an unqualified discretion to refuse to entertain a second or successive motion, but simply "a sound judicial discretion, guided and controlled by a consideration of whatever has a bearing on the propriety of the relief sought, which includes, where applicable, a prior refusal to discharge on a like application. Salinger v. Loisel, 265 U.S. 224, 230, 232, [44 S. Ct. 519, 68 L.Ed. 989]." Hallowell v. United States, 5 Cir., 1952, 197 F.2d 926, 928.

Appellee's brief states that "* * * the notice of appeal was not timely filed and should be dismissed." We are at a loss to understand that contention. The district court's judgment was entered April 12, 1960. Notice of appeal was filed May 23, 1960. The appeal was timely. United States v. Hayman, 1952, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232.

Section 2255 further provides that,

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C.A. § 2255.

The record in the district court reveals that the appellant pleaded guilty on April 7, 1947, to an indictment in two counts charging interstate transportation of a stolen motor vehicle knowing the same to have been stolen, an offense now covered by Title 18 U.S.C. § 2312. He was sentenced to imprisonment for a period of "Two (2) Years on each of Counts 1 and 2 to run consecutively, making a total of four years to be served on Criminal Indictment No. 3587." On the same day he pleaded guilty to an information in two counts charging like offenses, and was sentenced to imprisonment for a period of "Two Years on each of Counts 1 and 2 to run consecutively, making four years imprisonment on Criminal Information No. 3609, and to run consecutively with four years sentence imposed under Criminal Indictment No. 3587." On the same day he pleaded guilty to another information in four counts charging like offenses, and was sentenced to imprisonment for a period of "Two Years on each of Counts 1, 2, 3 and 4 to run consecutively, and to run consecutively with four years imposed under indictment No. 3587, and four years imposed under Criminal Information Bo.· (sic) 3609, making a total of sixteen years to be served."

28 U.S.C.A. § 753 provides that the court reporter shall "transcribe and certify all pleas and proceedings in connection with the imposition of sentence in criminal cases." On July 8, 1947, one brief, and obviously incorrect, "Reporter's note" was filed covering all three proceedings as if they were one:

"Reporter's note: The case was called and a plea of guilty was entered by the defendant through his attorney. My notes reveal that after hearing from the defendant and his counsel and from FBI agent Chandler Judge Scarlett sentenced the defendant to two years on each of eight counts in the indictment, to run consecutively.

"I certify that the above is a true transcript as revealed by my notes at the time of the hearing in said said (sic) case.

"James W. Talbert,

"James W. Talbert, Reporter."

Subsequently, the district judge became aware of the fact that the count three of Information numbered 3611 charged the identical offense as that alleged in the second count of Information numbered 3609. Accordingly, on October 13, 1947, order was entered eliminating the sentence imposed under the duplicitous count of Information numbered 3611 and that count was stricken. This reduced the sentence term to fourteen years.

On or about October 12, 1949, the appellant forwarded to the district court a motion to vacate sentence on the first count of the indictment because,

"The defendent (sic) was not informed of the mature (sic) and cause of the accusation, Before his Attorney, Mr. Rubenstein, entered his plea of guilty to the charges of the said indictment, and because, Mr. Chandler agent of the Federal Bureau of [I]nvestigation, promised the defendent (sic) and Co-defendent (sic) that he would rop (sic) this particular charge, and in fact Mr. Chandler did dismiss the said charge against the said co-defendent (sic), Clarey Harris. And because the defendent (sic) is not guilty of the said charge, charged in the first count of the said indictment.

"Harold Belton Andrews
"/s/ Harold Belton Andrews."

Affidavits were filed by three special agents of the Federal Bureau of Investigation connected with appellant's cases, but appellant was not granted a hearing on his motion. The district court denied the motion to vacate sentence. No appeal was prosecuted from that order.

■■ On March 15, 1960, the appellant filed another motion to vacate the sentence imposed in Count One of the Indictment, assigning some fifteen grounds for his motion, as follows:

"1. On April 7, 1947, Movant and his attorney, Max Rubenstein, Esq., appeared in this Court to be heard on one (1) indictment and two (2) bills of informations charging eight (8) separate violations under Title 18 U.S.C., Section 408–(1940 Ed.).

"2. That prior to entering Court Movant had been coerced and tricked into entering pleas of guilty, signing waivers of indictments and a change of venue.

"3. That said coercion was the promise of F.B.I. Agent Chandler that he would, if Movant would co-operate with him in the recovery of certain stolen automobiles, intercede with the United States attorney and United States District Judge, to obtain a very nominal sentence not to exceed five (5) years.

"4. That F.B.I. Agent Chandler informed Movant that he (Agent Chandler) had movant nailed-to-the-cross on five charges but if Movant would co-operate that any additional charges exceeding five (5), (the five (5) already nailing-movant-to-the-cross), would not be prosecuted.

"5. Movant, believing F.B.I. Agent Chandler to be a man of integrity, co-operated with said F.B.I. Agent Chandler and was double-crossed.

"6. That at the time Movant instructed his attorney to plead him guilty he (Movant) was under the impression that he was being prosecuted on only five (5) counts.

"7. That the indictment and informations were never at any time read in open court.

"8. That Movant's attorney did not inform Movant that he was being prosecuted on eight (8) counts instead of five (5) counts that Movant had previously agreed to enter guilty pleas to.

"9. Movant did not sign waivers of venue and consent to prosecution by information *in open court*.

"10. That prior to his hearing in open court Movant's counsel and F.B.I. Agent Chandler held an inchambers (sic) session with the trial judge (in the Court's private chambers); that F.B.I. Agent Chandler discussed spurious crime with the trial judge relating to Movant's guilt thereof.

"11. That Movant was not guilty of the crimes F.B.I. Agent Chandler discussed with the trial judge during the heretofore complained of inchambers (sic) session.

"12. That Movant was not guilty of the first count charged in Indictment No. 3587, i. e., transporting from Augusta, Georgia, to Aiken, South Carolina, one 1939 Mercury Sedan knowing same to have been stolen, etc.

"13. That Movant was tricked into entering guilty pleas to eight (8) counts rather than the five (5) he had agreed to prior to entering the courtroom.

"14. That at the time of his hearing and sentence Movant was a young man—only 24 years of age —and possessed very little education (Five Grades).

"15. That the District Court Judge, before sentencing Movant, did not appraise him of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, nor ask Movant if he had anything to say in mitigation of sentence."

Clearly, the motion and the files and records of the case do not conclusively show that the appellant is entitled to no relief. Under the plain terms of Section 2255, the district Court should grant the appellant a prompt hearing. Further, since there are substantial issues of fact as to events in which the appellant participated, the district court

should require his production for the hearing.  United States v. Hayman, 1952, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232;  Smith v. United States, 5 Cir., 1955, 223 F.2d 750, 753.

Reversed and remanded.