**UNITED STATES of America**

v.

**Farris Egbert MORRIS, alias Buck Wilkins.**

**Crim. No. 17937.**

United States District Court
E. D. Pennsylvania.

May 2, 1961.

---

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for plaintiff.

Farris Egbert Morris, in pro. per.

CLARY, District Judge.

On March 16, 1961, petitioner, Farris E. Morris, filed a second motion to vacate the sentence imposed upon him by this Court on the 29th day of September, 1954, under the provisions of Title 28 U.S.C. § 2255. This motion was denied by Order of this Court, dated March 17, 1961, in accordance with Title 28 U.S.C. § 2255, which provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

Thereafter, on March 28, 1961, petitioner filed a motion for rehearing setting forth in much greater detail facts in support of his second motion and contending that a second motion for same relief may be entertained by the court if different grounds are asserted in the second motion. Cited as authority for this proposition are the cases of Smith v. United States, 5 Cir., 1955, 223 F.2d 750, and Bistram v. United States, 8 Cir., 1956, 237 F.2d 243. It is the motion for rehearing that is now before the Court.

The circumstances surrounding the arrest and conviction need not be stated here as they are fully recounted in the opinion filed by this Court denying the first motion to vacate sentence; United States v. Morris, D.C.1959, 178 F.Supp.

694, affirmed 3 Cir., 1960, 277 F.2d 927. The reasons now raised for the first time by the petitioner as to why the sentence should be vacated are (1) that prior to, during and following the trial the petitioner was suffering from mental derangement which was the result of a head injury sustained in an automobile accident in 1950, and (2) that at the time of the trial petitioner was under heavy sedation of an unknown narcotic which rendered him mentally incompetent to assist his counsel at the time of the trial.

Because of these allegations, the Court requested and received from the Bureau of Prisons the petitioner's complete medical, neurological and psychiatric records from the time of his first incarceration down to the present time. These records have been made a part of the file in this proceeding. Viewed in a light most favorable to the contention of the petitioner, these records indicate that he is somewhat emotionally unstable and has evidenced some anxiety from time to time. They do not, however, indicate that petitioner is now or has ever been mentally incompetent. Rather, it appears that the present complaints arise out of his prolonged imprisonment.

As was stated previously, this Court originally denied the second motion to vacate the sentence. However, in view of his present contentions, a re-examination of the record has been made to determine whether his position is a meritorious one.

It is true that the cited cases hold that the accused is entitled to a hearing on a second motion where the motion seeks relief on entirely different grounds than those presented in the first motion. However, the circumstances in Smith v. United States, supra, and in Bistram v. United States, supra, are quite different than those that exist here. In the Smith case the District Court denied both the first and second motions to vacate the sentence without affording the petitioner any hearing. Here, however, petitioner was transported from Alcatraz

to Philadelphia in 1959 for a hearing before this Court, at which time he was given full opportunity to present all his arguments in support of the motion. In the Bistram case the order denying the second motion to vacate the sentence was reversed because it raised questions of fact, whereas, the first motion raised only a question of law. In the instant case, however, the petitioner raised serious and substantial questions at his hearing on the first motion at which time he might have raised the two allegations now presented.

Decisions in similar cases generally hold that where the petitioner's allegations on a second motion to vacate the sentence could have been raised in the first motion, and there is no indication of any justifiable reason why he had not previously raised the allegations, and no showing that he had been previously unaware of the significance of the allegations, the Court need not entertain the second motion. Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165; Moore v. United States, 1960, 108 U.S.App.D.C. 14, 278 F.2d 459; and Kesel v. Reid, D.C.1960, 283 F.2d 365. Here no indication of any justifiable reason or unawareness is apparent or alleged. Whether to entertain a second motion to vacate a sentence may in certain circumstances rest in the sound judicial discretion of the Court.

Morris originally appeared for trial in this Court on several successive days; actively and intelligently took part in the proceedings; and showed complete awareness of all that transpired. He had the assistance of extremely able and competent counsel and never demonstrated the slightest indication of any mental upset. With the assistance of eminent, court-appointed counsel, he fully presented his first motion. Again there was not the slightest appearance of any mental upset. Had there been, counsel would have immediately brought it to the attention of the Court. There is nothing in this case that moves the Court to exercise its discretion in granting a rehearing. The motion will be denied.