**UNITED STATES of America**

v.

**Robert Delynn JONES.**

No. 10107.

United States District Court
D. Kansas.

June 2, 1961.

Robert Delynn Jones, pro se.

Newell A. George, U. S. Atty., Kansas City, Kan., and Elmer Hoge, Asst. U. S. Atty., Shawnee Mission, Kan., for the United States.

ARTHUR J. STANLEY, Jr., District Judge.

The defendant, on December 18, 1956, was charged by indictment with entering a bank insured by the Federal Deposit Insurance Corporation, with intent to commit a felony, to-wit, burglary in the second degree, in violation of 18 U.S.C. § 2113(a). On March 22, 1957, the defendant entered a plea of guilty, and on April 8, 1957, was sentenced to imprisonment for a period of five years. On September 19, 1960, the defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate and set aside the judgment. In that motion the defendant alleged that he was presently confined at McNeil Island, Washington, pursuant to the sentence of this court. He asserted that his plea of guilty resulted from his lack of subjective understanding of the nature of the offense charged and was brought about by the wholly inadequate advice of court-appointed counsel. That motion was denied by this court, such denial being subsequently affirmed by the Tenth Circuit Court of Appeals on April 20, 1961. 290 F.2d 216.

On May 19, 1961, the defendant filed a second § 2255 motion, alleging that following his arrest in 1956 he was held in violation of Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. The defendant avers that before he was brought before a commissioner he was subjected to physical and mental abuse by federal and local authorities. He also renews his assertion of inadequate advice of counsel at the time of his arraignment and plea of guilty.

The question now before the court is whether a second § 2255 motion must be entertained because it alleges grounds not contained in the prior motion. Does the court have discretion to refuse to entertain such a motion? The question appears never to have been squarely ruled

upon by the Court of Appeals for this Circuit. The rulings of the other Circuits are in less than complete harmony. See the review of authorities in Bistram v. United States, D.C.N.D.1960, 180 F. Supp. 501 and Belton v. United States, 1958, 104 U.S.App.D.C. 81, 259 F.2d 811, 824–825 (dissenting opinion). Compare Kesel v. Reid, D.C.Cir.1960, 283 F.2d 365 and Moore v. United States, 1960, 108 U.S.App.D.C. 14, 278 F.2d 459 with Smith v. United States, 1959, 106 U.S. App.D.C. 169, 270 F.2d 921.

 The rulings in this Circuit are clear on two points. "If the motion is denied without hearing because of insufficiency of pleading a further motion, if legally sufficient, should not be considered repetitious." Stephens v. United States, 10 Cir., 1957, 246 F.2d 607; Palmer v. United States, 10 Cir., 1957, 249 F.2d 8. If the second motion presents the same grounds as were pleaded in the first motion, although couched in different language, it is within the sound discretion of the trial court to dismiss the second motion without reaching the merits. Moss v. United States, 10 Cir., 1949, 177 F.2d 438.

In 1950, the case of Barrett v. Hunter was decided by the Tenth Circuit Court of Appeals. Although what was said in that opinion with regard to successive § 2255 motions must probably be regarded as dictum, the decision has been cited frequently by the other Circuits.

"Section 2255 provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. We do not think it was intended by such provision to give the court unqualified discretion to refuse to entertain a second or successive motion. Rather, we think it was intended to provide that a second or successive motion should be disposed of in the exercise of sound judicial discretion, guided and controlled by a consideration of whatever has a rational bearing on the propriety of the relief sought, among which is a prior refusal to grant relief on a like motion. If the second or successive motion sets up new or dissimilar grounds for relief which are within the purview of the grounds enumerated in the third paragraph of § 2255, and the motion and the records and files in the case do not conclusively show that the prisoner is entitled to no relief, the court should ordinarily entertain such second or successive motion." 180 F. 2d 510, 514–515, 20 A.L.R.2d 965.

Later in 1950 the Tenth Circuit spoke again by way of what must be regarded as dictum, this time in the case of Tooisgah v. United States, 186 F.2d 93, 95:

" * * * Section 2255 affords adequate protection against repetitious motions by expressly providing that the 'sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.' We have construed this clause as empowering the court to dispose of a 'second or successive' motion in the exercise of a sound judicial discretion, 'guided and controlled by a consideration of whatever has a rational bearing on the propriety of the relief sought,' thus likening successive motions under Section 2255 to successive applications for writs of habeas corpus."

On the authority of Barrett v. Hunter, supra, Judge Wyzanski has held that if the grounds of the second motion are fundamentally different than those of the first motion then there is no discretion to refuse to entertain the second motion. Green v. United States, D.C. Mass.1958, 158 F.Supp. 804.

 Although Judge Wyzanski's position appears to be conceptually correct, these cases present a problem in that there should be some reasonable limitation on the prisoner's right in his sole discretion to present § 2255 matters by successive motions and in piecemeal fashion. A hearing must be granted on § 2255 motions which are entertained and

which raise factual issues, such as inadequate advice of counsel. Frand v. United States, 10 Cir., 289 F.2d 693. In most cases where factual issues are presented, the prisoner's attendance at the hearing is required. Barrett v. Hunter, supra. The prisoner in this case is incarcerated at an institution some 2,000 miles distant from this, the sentencing court. He complains of the action of federal and local police authorities in New Orleans where he was arrested in 1956. The expense, inconvenience and risk of escape inherent in returning a prisoner to the sentencing court were made known to Congress prior to the passage of § 2255. United States v. Hayman, 1952, 342 U.S. 205, 217, 72 S.Ct. 263, 96 L.Ed. 232 (footnote 25). It is believed that a fair balancing of all factors will be achieved by following the rule of Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165, 166–167:

> "Where there has been * * * a previous 2255 motion, the District Judge has discretion to deny relief as to those allegations which could have been, but were not, raised in the earlier proceeding, *unless* the petitioner has 'some justifiable reason he was previously unable to assert his rights,' or unless he was 'unaware of the significance of relevant facts.' Absent some allegation or evidence as to what is the 'justifiable reason' or 'unawareness,' the District Court is under no duty to grant a hearing on what appear on the face of the petition to be old claims; indeed without such allegations the District Judge cannot even be aware of a possible basis for exercising his discretion to grant a hearing, applying the standards of Price v. Johnston, supra note 4 [334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356]. Here those of appellant's allegations reviewable on a § 2255 motion could readily have been raised on the first § 2255 motion, and of course all of the allegations could have been raised on the direct appeal. No indication of any 'justifiable reason' or 'unawareness' is apparent or alleged. Hence, the District Court did not abuse its discretion in refusing relief on the grounds this was a second or successive motion for similar relief."

Since the prisoner makes no showing of sufficient reason for failure to include the grounds of his present motion in his first motion, this second motion will not be entertained. The court is not averse to entertaining any legally sufficient motion made by the prisoner in the future.

The United States Attorney will prepare and submit an Order.