Willard WILLIAMS, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 61–393.

United States District Court D. Oregon.

Aug. 31, 1961.

H. Jackson Daniel, St. Louis, Mo., for plaintiff.

Sidney I. Lezak, Acting U. S. Atty., Portland, Or., for defendant.

KILKENNY, District Judge.

Proceeding under 28 U.S.C. § 2255 to vacate judgment and sentence imposed on petitioner in the above court on the 7th day of June, 1946.

Petitioner charges, (a) that he was coerced into making a false confession, (b) that he was insane at the time of his trial, and (c) that he was deprived of his right to competent counsel.

The Court has examined the complete record in the criminal proceeding in which petitioner was convicted and sentenced and the record created under petitioner's previous motion for relief under Title 28 U.S.C. § 2255 and the appeal therefrom to the Court of Appeals for the Ninth Circuit and has arrived at the following conclusions:

1. Petitioner's affidavit with reference to the use of an alleged confession during the course of the trial is extremely indefinite. The list of exhibits contains no reference to any such confession. Aside from that, petitioner's remedy on this point would be by way of appeal. A motion under § 2255 cannot be used as a substitute for an appeal. Bishop v. United States, 1955, 96 U.S. App.D.C. 117, 223 F.2d 582, 584. Even if evidence of the confession was admitted, this was a subject which could have been corrected on appeal and cannot be presented in this proceeding. Black v. United States, 9 Cir., 1959, 269 F.2d 38; Malone v. United States, 6 Cir., 1958, 257 F.2d 177.

2. In the motion for relief, signed by petitioner's attorney only, it is

claimed that petitioner was insane at the time of the trial. However, there is absolutely nothing in the petitioner's affidavit which would support this statement, and, for that reason alone, the claim should be rejected. Mere conclusionary allegations in a petition to set aside a judgment of conviction and sentence under this section raise no substantial issues of fact. United States v. Angelet, 2 Cir., 1958, 255 F.2d 383; United States v. Bradford, 2 Cir., 1956, 238 F.2d 395, certiorari denied 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546; Williams v. United States, 9 Cir., 1956, 236 F.2d 894, certiorari denied 352 U.S. 982, 77 S.Ct. 384, 1 L.Ed.2d 365; 356 U.S. 941, 78 S.Ct. 784, 2 L.Ed.2d 815; United States v. Campbell, 7 Cir., 1960, 278 F.2d 916. In addition, there is no showing that petitioner has requested an examination by a Board of Examiners pursuant to the provisions of 18 U.S.C. §§ 4241, 4245. Under the factual background of this case the petitioner should proceed under those sections before attempting to proceed under § 2255. Gordon v. United States, 10 Cir., 1957, 250 F.2d 676. If, on such an examination, it is found that there is probable cause to believe that petitioner was mentally incompetent at the time of the trial, then the Court could proceed to hold a hearing pursuant to the provisions of 18 U.S.C. § 4244.

■ 3. The claim that petitioner was inadequately represented by counsel is completely without merit. Petitioner's attorney is recognized as a trial lawyer with considerable experience in the field of criminal law. He moved for a directed verdict of acquittal in favor of petitioner. Later, he moved to set aside the verdict and made a very convincing argument in support of such motion. Incompetency of counsel is not a ground for vacating, setting aside or correcting a sentence unless the attorney's conduct is such

that it made the trial a farce. Black v. United States, 9 Cir., 1959, 269 F.2d 38.

■■ Where there has been a previous § 2255 motion, the District Judge has discretion to deny relief as to those allegations which could have been, but were not, raised in the earlier proceeding, unless the petitioner shows some justifiable reason why he was previously unable to assert his rights, or unless he was unaware of the significance of the relevant facts. Turner v. United States, 1958, 103 U.S.App.D.C. 313, 258 F.2d 165, 166; Moore v. United States, 1960, 108 U.S.App.D.C. 14, 278 F.2d 459, 460; Dunn v. United States, 6 Cir., 1956, 234 F.2d 219, certiorari denied 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90. Petitioner was convicted in 1946. He filed his first motion under § 2255 in 1953 and took that proceeding to the Court of Appeals, Williams v. United States, 9 Cir., 1954, 215 F.2d 1. There is no showing why the alleged defects mentioned in this proceeding were not presented in the prior one. Petitioner was represented by the same attorney on the former motion. Aside from the other reasons which would justify the denial of the pending motion, I would exercise my discretion and refuse relief on the ground that all of these matters could and should have been presented on the hearing of the previous motion. In a proceeding such as this the Court has a right to refer to the records and files of the District Court in the previous trial and if it appears from such record that the prisoner is not entitled to a hearing, the petition should be denied. Yancy v. United States, 6 Cir., 1958, 252 F.2d 554; Tweedy v. United States, 9 Cir., 1960, 276 F.2d 649; Baker v. United States, 9 Cir., 1961, 287 F.2d 5, 7.

Relief under the present motion is denied and the above cause is hereby dismissed.