## UNITED STATES
### v.
### William H. COATES.
### Crim. No. 992–56.

United States District Court
District of Columbia.
Oct. 31, 1961.

Motion filed by defendant pro se.

McLAUGHLIN, District Judge.

In March, 1957 the Defendant, William H. Coates, pleaded guilty to a violation of the narcotic laws, Title 21 U.S.C.A. § 174, and subsequently received a sentence of from 3 to 12 years. At that time the Court inquired as to whether the Defendant was pleading guilty "because he was guilty and for no other reason". The Defendant, who was represented by counsel, replied in the affirmative.

In March, 1960 a Motion by the Defendant to Vacate under Title 28 U.S. C. § 2255 was heard, argued and denied. The Defendant in this Motion argued that, at the time of his guilty plea, he was under the influence of narcotics and, as a result, his plea was not voluntary. At the hearing the Defendant was represented by counsel. The denial of the District Court was affirmed by the Court of Appeals. Coates v. U. S., 109 U.S. App.D.C. 200, 285 F.2d 280 (D.C.App. 1960).

The Motion here under consideration again requests relief under Title 28 U.S. C. § 2255. The Defendant's present contention is that he was coerced into pleading guilty and that such coercion resulted from a promise by the prosecution that he would not receive a sentence in excess of 10 years if he pleaded guilty.

The law on the point raised in Defendant's Motion is that where an accused

pleaded guilty in the expectation of receiving a lighter sentence than was imposed Section 2255 will apply *only* if such expectation was based on a promise made to him by the prosecution or the Judge imposing sentence. Meredith v. U. S., 208 F.2d 680, 682 (4th Cir. 1953); Tabor v. U. S., 203 F.2d 948 (4th Cir. 1952). Here it is claimed that such promise was made by the prosecution. As a result, the Court is of the opinion that Defendant's Motion, independently considered, entitles him to a hearing.

However, the point raised by the Defendant in the present Motion is not sufficient, in the Court's opinion, to justify a hearing in light of the fact that he was previously granted a hearing under Title 28 U.S.Code § 2255. In Turner v. United States, 103 U.S.App.D.C. 313, 258 F.2d 165, 166 (D.C.Cir. 1958) our Court of Appeals laid down the following rule: "Where there has been a previous appeal or a previous 2255 motion, the District Judge has the discretion to deny relief as to those allegations which could have been, but were not, raised in the earlier proceeding, *unless* the petitioner has 'some justifiable reason he was previously unable to assert his rights,' or unless he was 'unaware of the significance of relevant facts.'"

The principles underlying the decision in Turner were discussed in Smith v. United States, 106 U.S.App.D.C. 169, 270 F.2d 921 (D.C.Cir. 1959) where five Judges of the Court of Appeals stated that the rules governing successive motions under Section 2255, as set out in Turner, were still applicable in the District of Columbia. In another recent decision, Kesel v. Reid, 109 U.S.App.D.C. 1, 283 F.2d 365, 367 (D.C.Cir. 1960), the basis of the second Section 2255 motion was very similar to the motion here under consideration. The Court in denying this motion stated that: "Appellant must have known this alleged fact when he filed his first motion. The petitioner made no suggestion that he was previously unable to assert it or [was] unaware of its significance."

Upon consideration of the record in this case the Court holds the following findings of fact to be amply supported:

(1) The Defendant has shown no reason why he did not assert his present contention in his previous motion or the hearing which resulted from the granting of such motion.

(2) The Defendant has not shown and does not claim that he was unaware of the significance of the point raised in this motion at the time of the initial motion or the subsequent hearing.

In light of the above this Court is of the opinion that the Defendant is not entitled to a hearing under Section 2255 as a matter of right. Rather, the determination of whether the Defendant should be granted a hearing lies within the discretion of the Court. The Court must take into account the foregoing circumstances and, in addition, give further consideration to the following facts developed in the record:

(1) The Defendant was represented by counsel both when he pleaded guilty and at the time his previous motion was heard.

(2) At the time the Defendant pleaded guilty he stated in open Court in answer to a question by the sentencing Judge that he was so pleading because he was guilty and for no other reason.

It is the Court's judgment, under the circumstances stated, that the Defendant has been afforded all the advantages intended under Section 2255. It was not the purpose of this legislation to allow a Defendant to file an unlimited number of motions under Section 2255 based on differing legal contentions if it is shown that such Defendant was aware at the filing of a previous motion that a basis for his present contention existed. It is well established that *res judicata* does not apply to motions made under Section 2255. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). However, the principles laid down in Turner, Smith and Kesel, supra, apply against repeated Section 2255 motions where, as in the instant

case, the above mentioned circumstances are present. The Court denies the application for the motion under Section 2255 on the grounds hereinbefore set forth.