Herbert E. JUELICH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19234.

United States Court of Appeals
Fifth Circuit.

March 9, 1962.

H. E. Juelich, pro se.

Vernol R. Jansen, U. S. Atty., Alfred P. Holmes, Jr., Asst. U. S. Atty., Mobile, Ala., for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal in forma pauperis from the denial, without a hearing, by the United States District Court for the Southern District of Alabama, of a Section 2255 motion to vacate conviction and sentence.

Juelich, movant appellant herein, is serving a life sentence, imposed by the court in which he filed his motion to vacate, for the murder of a deputy United States Marshal in an escape from custody under a judgment of conviction of a federal offense. A previous conviction for the same murder resulted in reversal by this court on grounds not here material. 214 F.2d 950 (5th Cir.1954). Following that reversal, his subsequent re-trial, conviction, and sentence, petitioner has taken the actions, in attacking his conviction, set out in the margin.[1]

1. (1) November, 1954: Appeal to this court filed and withdrawn.

(2) June, 1956: Notice of appeal filed in this court, leave to file in forma pauperis denied by the trial court and this court, on the ground that the appeal was not taken in good faith. The grounds for this appeal do not appear of record in this case.

(3) January, 1958: Motion to vacate sentence filed in sentencing court, under 28 U.S.C. § 2255. The ground for relief asserted was that the cause of death of the alleged murder victim had not been proved in accordance with the law of the State of Georgia, and that, therefore, petitioner had been convicted without due process of law. The motion was denied,

In refusing to consider the motion and denying it without a hearing the district judge filed a brief opinion and order in which, though he noted that the factual allegations and argument advanced in support of the motion "are, however, entirely different from the allegations and argument of the [Section 2255 motion of January, 1958]", it was, nevertheless, his opinion that he was not required to, and he would not, entertain a second motion to vacate the judgment of conviction based on unsubstantiated allegations of such nature made nearly seven years after trial."

The government, in opposition to petitioner's appeal, citing Moore v. United States, 108 U.S.App.D.C. 14, 278 F.2d 459, urges that a trial court has no obligation to entertain a second motion filed under Section 2255 by the same movant, when the allegations of the second motion could have been presented at the time of the first and no justification for failure to do so is offered; and the refusal to entertain the motion in the circumstances of this case did not constitute an abuse of discretion. In the light of the language of Section 2255,[2] we cannot agree with this view.

 It seems clear that the position contended for by the appellant, that it was error to deny the motion without consideration, is the correct one. In the first place, although the trial judge stated that he denied the motion, he certainly did not do so on the merits, but rather refused to entertain it. His discretion to refuse to entertain successive motions, however, is limited by the statute to motions which are "for similar relief". Since essentially only one relief,

---

petitioner filed for leave to appeal in forma pauperis, which was denied by the district court and this court. The Supreme Court denied certiorari.

(4) In August of 1961, petitioner filed the Sec. 2255 motion, denial of which, without a hearing, is here appealed. The ground for relief asserted was that petitioner was incompetent to intelligently participate in his defense at the trial due to the effect of drugs which were being administered to him by a physician at the jail in which he was confined during trial. In support of this motion he filed his own affidavit; no opposing affidavits were filed.

2. 28 U.S.C. § 2255 provides:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court, which imposed the sentence, to vacate, set aside or correct the sentence.

"*A motion for such relief may be made at any time.*

"*Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.*

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"*The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.*

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis supplied.)

modification of sentence, is available under the statute, it would seem that the meaning of the term "similar relief" should be taken to mean "on similar grounds". This is in keeping with the declaration of the Supreme Court in United States v. Hayman, 342 U.S. 205, 217, 72 S.Ct 263, 96 L.Ed. 232, that the sole purpose of Section 2255 was to minimize the difficulties encountered in habeas corpus hearings by affording *the same rights* in another and more convenient forum. If this is indeed the meaning of the term, it is clear that the motion in question here is not one for similar relief within the meaning of the statute. *Thus the judge would have no discretion to refuse to entertain the motion unless he found from the motion and the files and records of the case that it was conclusively shown that appellant was entitled to no relief.* His opinion and order reveal no such findings, and he, therefore, erred in refusing to entertain the motion. The fact that seven years had elapsed since the conviction or that the only substantiation of the motion was the affidavit of the movant, are no bars to consideration of the motion, since the statute specifically says that the motion may be made at any time, and says nothing about substantiation.

Supporting this view are: the decision of this court in Andrews v. United States, 286 F.2d 829 (1961); and of others, Smith v. United States, 106 U.S.App.D.C. 169, 270 F.2d 921 (1959); and Stephens v. United States, 246 F.2d 607 (10th Cir.1957).

Apparently taking the opposite view are: Moore v. United States, 108 U.S. App.D.C. 14, 278 F.2d 459 (1960); Trumblay v. United States, 278 F.2d 229 (7th Cir.1960); Bistram v. United States, 283 F.2d 1 (8th Cir.1960); Kesel v. Reid, 109 U.S.App.D.C. 1, 283 F.2d 365 (1960); Turner v. United States, 103 U.S.App.D. C. 313, 258 F.2d 165. Most of these cases, however, require that even when the second or successive motion is admittedly one which falls within the definition of dissimilar relief, the movant must show good cause for not having presented the

ground earlier, if he could have and did not. Since habeas corpus, for which Sec. 2255 is merely a procedural substitute, has never been thought to incorporate the doctrines of res judicata or laches, such a requirement would seem to be an unwarranted engraftment onto the plain terms of Sec. 2255.

The decision of the district judge is, therefore, reversed, and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.