Calvin FENNELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7203.

United States Court of Appeals
Tenth Circuit.

Jan. 28, 1963.

Carl L. Harthun, Denver, Colo., for appellant.

Phillips Breckinridge, Tulsa, Okl. (John M. Imel, Tulsa, Okl., was on brief with him), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's denial of Calvin Fennell's second motion to vacate the judgment and sentence imposed pursuant to his jury conviction for violations of the federal narcotic laws and for conspiracy. The District Court's denial of this second or successive motion under Section 2255, Title 28 U.S.C., is based upon the premise that the movant "raises no new substantial issues not covered by the prior motion."

After entering upon service of his sentence, the petitioner filed in the District Court a series of papers which the trial court treated as a motion to vacate under Section 2255, and granted leave to proceed in forma pauperis. In substance, the writings complained of his conviction as being obtained by the use of fraud and perjury on behalf of the prosecutor and government agent; improper joinder of offenses and co-defendants; arrest on one charge and indictment and trial on the others; and insufficiency of the evidence to sustain the conviction. Upon a full hearing, in which the petitioner appeared in person and by appointed counsel, and in which he testified in his own behalf, the trial court denied the petition, based upon findings of fact negating all of the allegations in his complaint.

A petition for rehearing and motion to appeal in forma pauperis was denied on the grounds that it was frivolous and not taken in good faith. On petition to this court, leave was granted to proceed

in forma pauperis. The case was docketed and the original record, including the transcript of the proceedings in the trial court, were certified here. Upon consideration of the whole record, we were of the opinion that the trial court's findings and conclusions of law were amply supported by the evidence, and that the petitioner's contentions were frivolous. An order was accordingly entered denying leave to proceed further in forma pauperis and the appeal was dismissed.

This second motion under Section 2255 alleges a ground for relief not specifically presented or decided on the former motion, namely, that while deliberating on the petitioner's guilt or innocence, the jury left the jury room twice to communicate with the presiding judge: first, to inquire concerning the nature of the charge against the accused; and second, whether, if the jury found the accused guilty, would the court "be lenient toward him."

■ Inasmuch as the grounds for relief asserted in this motion are not the same or similar to those asserted in the former motion, the court was required to entertain the motion for the purpose of determining, (1) whether for some justifiable reason the present grounds were not asserted in the former motion; and (2) if so, whether the files and records in the case showed any legal basis for the relief sought. If they do, it was then incumbent on the trial court to hear and decide the newly asserted issues. United States v. Jones, D.C., 194 F.Supp. 421, affm'd, 10 Cir., 297 F.2d 835; Barrett v. Hunter, 180 F.2d 510, 20 A.L.R.2d 965; see also Ray v. United States, 10 Cir., 295 F.2d 416.

■ We agree with the trial court that there were no new substantial issues cognizable in this collateral proceedings. There is nothing in the record to indicate or from which it can be inferred that the alleged communications between court and jury were improper, but, if so, they were errors in the trial of the case cognizable only on direct appeal. Humes v. United States,

10 Cir., 186 F.2d 875; Hahn v. United States, 10 Cir., 178 F.2d 11; Hurst v. United States, 10 Cir., 177 F.2d 894; United States v. Spadafora, 7 Cir., 207 F.2d 291. There is nothing to indicate that the communications operated to deny or infringe the constitutional rights of the accused so as to render the judgment of sentence vulnerable to this collateral attack.

The judgment is affirmed.