Maurice A. **HUTCHESON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17637.

United States Court of Appeals District of Columbia Circuit.

Argued June 18, 1963.

Decided June 27, 1963.

Petition for Rehearing Denied Aug. 1, 1963.

Mr. Joseph P. Tumulty, Jr., Washington, D. C., for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and William Hitz, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant here is a victim of the time-honored rule that ordinarily an issue not properly raised in the trial court is not available on appeal as the basis for a claim of reversible error. Hutcheson was convicted of contempt[1] of Congress for refusal to answer questions put to him by the Senate Select Committee on Improper Activities in the Labor or Management Field. In refusing to answer, appellant disclaimed his privilege against self-incrimination. His conviction was affirmed by this court[2] and the Supreme Court.[3]

On May 21, 1962, one week after the affirmance by the Supreme Court, that Court reversed six other contempt of Congress cases[4] because the indictments failed specifically to state the subject under inquiry, a vice which is conceded to be present in appellant's indictment. In the Russell cases, however, pre-trial objections were made to the indictments on this ground and were re-urged before this court and the Supreme Court.[5] Appellant raised the issue for the first time on application for rehearing before the Supreme Court. The application for rehearing was denied without dissent.[6] Appellant then filed two motions in the District Court, one to reduce sentence under Rule 35 and the other under Rule 12(b) (2), F.R.Crim.P., "to vacate the judgment and set aside the sentence * * and to dismiss the indictment." Both motions were denied, and appellant appeals.

Without deciding, as the Government argues,[7] that the District Court's failure to act on the motion to reduce sentence within sixty days from the transmission of the mandate of affirmance ousts the jurisdiction of that court under Rule 35, and without deciding under what circumstances, if any,[8] the District Court's denial of such motion is reviewable by this court, we hold that, in any event, no abuse of discretion in denying the motion is shown.

With reference to Rule 12(b) (2), it appears that the issue made before the District Court, and now made here, was argued to the Supreme Court in appellant's petition for rehearing. The Supreme Court passed on that issue[9] when it denied that petition. As far as this court is concerned, there the matter ends. If we are in error in our interpretation of the Supreme Court's action on the application for rehearing, our error can be corrected by that Court.

Affirmed.

1. 52 Stat. 942, 2 U.S.C. § 192.

2. Hutcheson v. United States, 109 U.S. App.D.C. 200, 285 F.2d 280 (1960).

3. Hutcheson v. United States, 369 U.S. 599, 82 S.Ct. 1005, 8 L.Ed.2d 137 (1962).

4. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

5. See Russell v. United States, supra, Note 4, 752–753.

6. Hutcheson v. United States, 370 U.S. 965, 82 S.Ct. 1576, 8 L.Ed.2d 835 (1962).

7. Citing United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

8. See Bryson v. United States, 9 Cir., 265 F.2d 9, 14 (1959).

9. Compare Silber v. United States, 370 U.S. 717, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962). See also Zap v. United States, 330 U.S. 800, 67 S.Ct. 857, 91 L.Ed. 1259 (1946), 329 U.S. 824, 67 S.Ct. 107, 91 L.Ed. 700 (1946), 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946).