Herbert E. JUELICH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20247.

United States Court of Appeals
Fifth Circuit.
April 19, 1963.

Cameron, J., dissented.

---

* Of the Tenth Circuit, sitting by designation.

1. 1961 T.C. 223.

H. E. Juelich, per se.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

Before CAMERON and BROWN, Circuit Judges, and WHITEHURST, District Judge.

PER CURIAM.

Petitioner requests that we appoint counsel to represent him on this appeal in forma pauperis from the District Court's denial of his motion to vacate conviction and sentence under § 2255. In his former appeal to this Court, we determined that the District Court erred in denying Petitioner's motion without conducting a hearing. Juelich v. United States, 5 Cir., 1962, 300 F.2d 381.

Upon the remand and long prior to the hearing, Petitioner requested the appointment of counsel to represent him at the hearing which our opinion and mandate required. Simultaneously he moved for an order allowing his personal presence on the hearing. The Court appointed counsel but denied the other motion. As the hearing date approached, counsel had not, so Petitioner asserted, communicated with Petitioner. Petitioner then requested the District Court to discharge this attorney and appoint another. This was denied. Again he requested that he be present at the hearing. Again the Court denied this primarily on the ground of security risk. A hearing was conducted in which Petitioner was not present and he was represented by counsel with whom he had not communicated.

Although Petitioner at this time merely requests the appointment of counsel on this appeal, the records of this and the former appeal have necessarily been considered under our customary practice in determining the necessity for counsel. In his § 2255 motion which we held, 300 F.2d 381, required a hearing, Petitioner asserts that he was mentally incompetent to stand trial since he was under the influence of sedatives administered by the physician attending the jail in which Petitioner was incarcerated under security guard when not in the courtroom during his trial. In a situation of this type there are necessarily two people involved—the person administering the drug and the person to whom it was administered. At the hearing following our remand, the 80-year-old jail physician testified that he did not have an independent recollection of the facts, but that the permanent official records indicated no such drugs were administered as claimed. This was corroborated by the jail nurse. But as the other actor in this claimed occurrence, the Petitioner was personally involved and by the nature of things had his version of what had been done. This was, therefore, one of those rare cases in which Petitioner's presence was required. Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Porter v. United States, 5 Cir., 1962, 298 F.2d 461; Nichols v. United States, 5 Cir., 1962, 310 F.2d 374. See also Deitle v. United States, 1960, 364 U.S. 284, 80 S.Ct. 1622, 4 L.Ed.2d 1720.

The case is remanded to the District Court with directions that a hearing be held in which the Petitioner is in attendance. This being a civil case with no requirement of confrontation of witnesses, the Court may, within its considered discretion and with appropriate safeguards to Petitioner's rights, receive the record developed on the prior hearing, together with such further evidence as may be appropriate.

Reversed and remanded.

CAMERON, Circuit Judge, dissents.