James L. ANDERSON, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 20614.

United States Court of Appeals
Fifth Circuit.

June 11, 1963.

No appearances for either appellant or appellee.

Before HUTCHESON, Circuit Judge, LUMBARD, Chief Judge *, and BROWN, Circuit Judge.

PER CURIAM.

█ Petitioner seeks an order allowing him to appeal in forma pauperis from a denial, without hearing, of his motion to vacate, set aside, or correct his sentence. 28 U.S.C.A. §§ 2255, 1915. Following our regular practice in making a determination of these matters, we have access to the record below and have reviewed it carefully. See Juelich v. United States, 5 Cir., 1963, 316 F.2d 726. We are of the opinion that no useful purpose would be served by first allowing Petitioner's appeal to this Court and then setting the case down for argument. The Court below denied Petitioner's § 2255 motion on the ground that the "files and records conclusively show" that he is entitled to no relief.

█ Petitioner alleges with sufficient factual particularity that he was mentally incompetent, not only at the time of the commission of the offense, but also at the time of trial under his plea of not guilty. Twenty-two months after his arrest (and following his sentence) Petitioner was diagnosed as a schizophrenic paranoid personality and is presently confined in a medical center for federal prisoners. Nothing in the record refutes these allegations. Indeed, the record (apart from the § 2255 motion) is completely silent as to the mental capacity of Petitioner as of these various times. As we have pointed out in the many cases catalogued in Porter v. United States, 5 Cir., 1962, 298 F.2d 461, 464, a hearing as to the appropriate issues is required unless—in the plain words of the statute—"the files and records of the case conclusively show that the [Petitioner] is entitled to no relief." Like many other cases presenting a question of mental competency, this case must go back for a hearing to determine fac-

* Of the Second Circuit, sitting by designation.

tually the merit of Petitioner's contentions. Gregori v. United States, 5 Cir., 1957, 243 F.2d 48; Praylow v. United States, 5 Cir., 1962, 298 F.2d 792; Hughes v. United States, 5 Cir., 1962, 303 F.2d 776; Corbett v. United States, 5 Cir., 1961, 296 F.2d 131; Van De Bogart v. United States, 5 Cir., 1962, 305 F.2d 583; Alexander v. United States, 5 Cir., 1961, 290 F.2d 252; Brown v. United States, 5 Cir., 1959, 267 F.2d 42. Accordingly, the appeal is allowed, the judgment is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.