Herbert E. JUELICH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21329.

United States Court of Appeals Fifth Circuit.

Feb. 9, 1965.

See also 5 Cir., 316 F.2d 726.

R. B. Harwood, Jr., Tuscaloosa, Ala., for appellant.

William A. Kimbrough, Jr., Asst. U. S. Atty., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

RIVES, Circuit Judge:

Juelich is serving a life sentence for the murder of a Deputy United States Marshal in an escape from custody. Upon his first trial he was sentenced to death. This Court reversed. Juelich v. United States, 5 Cir. 1954, 214 F.2d 954. Juelich was thereafter granted a change of venue from the Northern District of Georgia to the Southern District of Alabama. Upon re-trial, he was again convicted, but his punishment was fixed at life imprisonment instead of death. He filed notice of appeal, but that notice was withdrawn and the appeal was not perfected. In June 1956, he sought leave to file a delayed notice of appeal in forma pauperis, which leave was denied by the district court and by this Court.

His first motion to vacate sentence under 28 U.S.C.A. § 2255 was based on the ground that the cause of death of the deputy marshal had not been proved in accordance with Georgia law. That motion was denied, leave to appeal in forma pauperis was denied by the district court and by this Court and certiorari was denied by the Supreme Court.

This second section 2255 motion is based mainly upon the ground that Juelich was incompetent to participate in his defense at his second trial due to long-continued solitary confinement and to the effect of drugs prescribed for him by a physician at the jail. The district court declined to entertain this second motion, and this Court reversed. Juelich v. United States, 1962, 300 F.2d 381.

Juelich then filed a motion for appointment of counsel and that he be present at all stages to assist counsel. The district court denied Juelich's motion for his production at the hearing, but granted his motion for appointment of counsel, and appointed Leon G. Duke, Jr., Esq., a member of the Mobile, Alabama, bar.

Four months after such appointment, Juelich filed a motion for dismissal of counsel and again prayed for his production in person to prosecute the pending motion to vacate. He claimed that he had been unable to communicate with his appointed counsel at any time since appointment by the Court. Attorney Duke promptly wrote to Juelich:

"A copy of your motion to dismiss counsel and production of petitioner to prosecute has reached me. This is merely to advise you that the appointment by the court was acknowledged by me through my office by letter to you dated July 13, 1962. Since that time I have spent considerable time in reviewing a very voluminous file and reviewing transcripts and documents therein contained.

"I am taking no formal action in opposing your motion, but until the court orders me dismissed I shall proceed to represent you."

The district court again refused to order Juelich's production to prosecute his motion to vacate and also denied his motion for dismissal of court-appointed counsel. The district court granted Juelich's motion for leave to appeal in forma pauperis from that order, but his appeal was not permitted by this Court.

After a full hearing, the district court entered findings of fact and conclusions of law, and denied the motion to vacate sentence. Again this Court reversed. Juelich v. United States, 1963, 316 F.2d 726. In the course of its per curiam opinion this Court mentioned Juelich's request to discharge his attorney, but made no ruling on the denial of such request. The reversal was based upon the holding that, "This was * * * one of those rare cases in which Petitioner's presence was required." 316 F.2d 727.

Juelich then filed pro se a motion requesting Judge Daniel H. Thomas to withdraw from presiding at the hearing, stating that he intended to subpoena Judge Thomas as a witness. That motion was granted and Judge Clarence W. Allgood of the Northern District of Alabama was assigned to hear the case.

By that time several significant events had intervened since Judge Thomas's denial of Juelich's motion for dismissal of court-appointed counsel. Judge Thomas had conducted the hearing and had entered judgment denying the motion to vacate sentence. This Court had reversed with directions that a hearing be held in which Juelich should be in attendance. Judge Thomas had withdrawn as the trial judge and Judge Allgood had been assigned to hear the motion to vacate. All of these events had intervened since Juelich's motion to dismiss his court-appointed counsel. Nine months elapsed between the making of that motion and the hearing of the motion to vacate before Judge Allgood.

Juelich made no further request to dismiss his court-appointed counsel.

Upon this appeal, this Court appointed another able attorney to represent Juelich, and we are indebted to that attorney for his skillful and vigorous prosecution of the appeal. Each of Juelich's contentions other than his claimed right to dismiss court-appointed counsel has been refuted by Judge Allgood's findings of fact which cannot be set aside as clearly erroneous. See Rule 52(a), F.R.Civil P.; Rushing v. Wilkinson, 5 Cir. 1959, 272 F.2d 633. Indeed, we are in full agreement with those findings.

■ Juelich's motion for dismissal of court-appointed counsel had been coupled with his motion for his production in person to prosecute his motion to vacate. After this Court directed that Juelich be present at the hearing, it is doubtful whether he would have insisted on his motion for dismissal of counsel if he had been required to take a position. There was, however, no formal waiver or abandonment of his motion to dismiss counsel, and we must hold the question preserved for review on appeal.

■ The Sixth Amendment directs that "[i]n all *criminal prosecutions*, the *accused* shall enjoy the right * * * to have the Assistance of Counsel for his *defence*." The Supreme Court has indicated that the right to have the assistance of counsel carries with it a "correlative right to dispense with a lawyer's help." Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 279, 63 S. Ct. 236, 241, 87 L.Ed. 268; see also Price v. Johnston, 1948, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356. From that indication, this and other Courts of Appeals have deduced that in a criminal prosecution the right to defend pro se is a constitutionally protected right.[1] That question need not be decided in this case, for while the Sixth Amendment right to

---

1. McKenna v. Ellis, 5 Cir. 1959, 263 F. 2d 35, 41; cases collected in Annotation on "Right of defendant in criminal case to conduct defense in person, or to participate with counsel," 77 A.L.R.2d 1233, et seq.

counsel extends through direct appeal of the judgment of conviction,[2] a movant under 28 U.S.C.A. § 2255 has passed beyond the stage of an "accused" in "defense" of a "criminal prosecution," and the Sixth Amendment does not apply.[3]

However, Judge Browning of the Ninth Circuit has well stated a further requirement of counsel by the Fifth Amendment:

> "As this court has pointed out, the appointment of counsel may sometimes be mandatory even in those areas in which the Sixth Amendment does not apply. This is true when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel. Compliance with the due process clause of the Fifth Amendment then requires that counsel be appointed."

Dillon v. United States, 9 Cir. 1962, 307 F.2d 445. In such Fifth Amendment cases, it can hardly be argued that there is any "correlative right to dispense with a lawyer's help" for that would imply the *reductio ad absurdum* that a hearing

*not* "fair and meaningful" is a constitutionally protected right. The courts have not yet gone that far.

There remains for consideration a statutory right of parties to "plead and manage their own causes personally."[4] It may be that denial of such a statutory right would not render the judgment of conviction vulnerable to collateral attack under 28 U.S.C.A. § 2255. Assuming that it would, the court is vested with considerable discretion to refuse to permit a defendant to discharge counsel.[5] Pertinent to the exercise of such discretion are some facts previously stated. When Judge Thomas refused to permit Juelich to dismiss his court-appointed counsel, he did not think that Juelich had a right to be personally present at the hearing. After this Court had reversed, Juelich did not renew his motion to dismiss or further invoke the discretion of the Court. If he had, the court might well have considered the presence of counsel essential to a "fair and meaningful hearing." Under the circumstances of this case, we hold that there was no abuse of discretion in refusing to permit Juelich to discharge his court-appointed counsel.

2. Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; compare Griffin v. Illinois, 1955, 351 U.S. 12, 18, 76 S.Ct. 385, 100 L.Ed. 891.

3. See cases collected in Note 150 to 28 U.S.C.A. § 2255 and in Note 450 to the U.S.C.A. volume on Amendment 6; compare, however, Campbell v. United States, 7 Cir. 1963, 318 F.2d 874, and United States v. Plattner, 2 Cir. 1964, 330 F. 2d 271. It is significant that the Criminal Justice Act of 1964, 78 Stat. 552, 18 U.S.C.A. § 3006A, does not provide for counsel in habeas corpus or section 2255 cases.

4. "§ 1654. *Appearance personally or by counsel*
   "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Title 28 U.S.C.A.

This right "to plead and manage their own causes personally" has been in existence since the very First Congress. See United States v. Plattner, 2 Cir. 1964, 330 F.2d 271, 274, citing section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92 (1789).

5. Butler v. United States, 8 Cir. 1963, 317 F.2d 249, 258; Brown v. United States, 1959, 105 U.S.App.D.C. 77, 264 F.2d 363, 365, 366. Indeed, the court may have some discretion to refuse to permit a defendant to exercise his *constitutional* right to dispense with a lawyer's help. As said by Judge Swan: "* * * an accused's right to represent himself is not so absolute that it must be recognized when to do so would disrupt the court's business." United States v. Private Brands, 2 Cir. 1957, 250 F.2d 554, 557. See, however, United States v. Plattner, 2 Cir. 1964, 330 F.2d 271, 277.

Further, any error in denying Juelich his statutory right would not warrant reversal in the absence of prejudice.[6] A careful reading of the record convinces us that appointed counsel was able, diligent and faithful, and that his participation in the trial certainly did not prejudice Juelich. Indeed, Juelich himself was freely permitted to assign additional grounds for his motion to vacate, to testify at length in his own behalf, to ask questions of the witnesses, and to argue his contentions. He thus had the benefit both of his counsel's services and of his own direct participation in the hearing. He was in no way prejudiced by the presence and participation of his counsel.

We find no error in the record and the judgment is

Affirmed.

6. Brown v. United States, 1959, 105 U.S. App.D.C. 77, 264 F.2d 363, 366; Butler v. United States, 8 Cir. 1963, 317 F.2d 249, 258; United States v. Guerra, 2 Cir. 1964, 334 F.2d 138, 146, n. 4.