**Bobby W. BEARDSLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38370.**

Court of Criminal Appeals of Texas.

Oct. 20, 1965.

Norman S. Spencer, Jr., Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, four years.

Garageman Patterson went to Littlefield to tow in a Buick automobile for repair. When he arrived at his garage at Big Spring it was full and he left the Buick, still attached to the wrecker but lowered to the ground, outside the garage. The next morning it was missing. Two days later, two patrolmen of the city of El Paso observed a Buick being pushed out of a street intersection by a milk truck. After pushing the Buick several car lengths, the milk truck drove away, and the patrolmen approached the appellant who had been seated in the driver's seat and asked him if he needed any assistance. They were informed by appellant that he had run out of oil. During the conversation the officers observed that there were no keys in the ignition switch and that though the automobile had out of date New Mexico license plates, it bore a recent Texas Safety Inspection sticker. After a short conversation with appellant as to the ownership of the Buick, he began to cry and admitted that he had stolen it in Big Spring and had switched license plates from an automobile he had found parked beside the road near El Paso.

Appellant was then placed under arrest and delivered to the officers from Big Spring. Shortly thereafter, appellant escaped by crawling through a first story window, but was reapprehended hours later. Two days later appellant executed the written confession which was introduced in evidence.

Appellant contends that the confession was involuntary because he was told by the Sheriff that he would release him from solitary confinement if he would make the statement. The Sheriff denied having made such a promise and admitted that appellant remained in solitary confinement for approximately a week after the confession was executed because of the prior escape. No evidence was introduced before the jury as to the involuntary nature of the confession, and the trial court entered his findings of fact, which are supported by the record, that appellant was advised of his right to counsel, that he was properly warned prior to the making of the confession and that the Sheriff did not promise to release appellant from solitary confinement if he would make a written statement.

While testifying in the absence of the jury appellant admitted that he asked to see the District Attorney and was carried from the jail to his office and was there informed by the District Attorney that he might use the telephone to call his court appointed lawyer before making any statement, but declined to avail himself of the use of the telephone which was available for such purpose saying that he just wanted to tell the truth about the matter. We have concluded that he expressly waived his right to counsel and brought himself

within the rule announced by the Supreme Court of the United States in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70.

The rule in Larkin v. State, 157 Tex.Cr. R. 284, 248 S.W.2d 134, disposes of appellant's contention as to the value of the automobile.

The Buick recovered by the El Paso Police was shown by other testimony to be the one stolen from the Patterson garage.

 Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.