**Louie Bill BRIGNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39180.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Rehearing Denied March 23, 1966.

———◆———

Bill Pemberton, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful transportation of beer, whisky and wine in a dry area;

the punishment, six months in jail and a fine of $500.

Trial was before a jury on a plea of not guilty.

The state offered proof and it was orally stipulated that Hunt County was a dry area and the court so charged the jury.

The statement of facts in narrative form, agreed to by counsel and approved by the trial court, reflects the following.

Patrolman Dale Bryce, of the Texas Department of Public Safety, testified substantially as follows: "that at or about 5:00 P.M. on the 7th day of May, 1965, he was standing on a public highway in Hunt County, Texas, working with other officers of the Texas Department of Public Safety and was in the process of checking driver's licenses of all motorists who were using the highway; that one of the other highway patrolmen flagged the truck that the defendant, Louie Bill Brignon, was driving and operating, and that the truck when stopped on the highway had two other people in the cab of said pickup truck; that Officer Bryce saw in the bed of the pickup truck one case of Pearl Beer and in the floor board of the pickup truck a paper sack with the top of a glass bottle which appeared to him to be a liquor bottle. That he asked the defendant, Louie Bill Brignon to produce his driver's license; that the defendant did then and there produce the said driver's license. That Officer Bryce asked the defendant Louis Bill Brignon if the case of beer was the only liquor in the pickup truck, to which the defendant replied 'Yes it is'. Officer Bryce then asked the defendant to get out of the pickup and then picked up the sack containing one pint bottle of Old Crow Whiskey and again asked the defendant, Louis Bill Brignon if this was all the liquor in the pickup to which the defendant replied 'Yes, that's all I have.' Officer Bryce then requested Texas Liquor Control Board Agent T. L. Baker to come to the truck and a search was made by Mr. Baker of the pickup resulting in the finding of three one-half pint bottles of Old Crow Whiskey and a one-fifth gallon of wine in various sacks under the pickup seat, and a case of Pearl Beer behind the pickup seat."

Inspector T. L. Baker, of the Texas Liquor Control Board, "testified that he had been summoned by Officer Bryce to come to the defendant's pickup truck and that he made a search of defendant's pickup and found the same two cases of Pearl Beer, the one pint bottle of Old Crow Whiskey, the three one-half pint bottles of Old Crow Whiskey and a one-fifth gallon of Italian Swiss Colony wine located in the pickup as previously testified to by Officer Bryce."

Inspector Baker testified that the liquor confiscated was marked and stored by him and had remained in his possession until the time of the introduction in evidence.

Appellant did not testify.

It was stipulated that two cardboard cases marked Pearl Beer, which the witnesses testified contained beer, and their contents were introduced in evidence with the contents still sealed within the cardboard boxes which were never opened.

Following the verdict of the jury appellant employed counsel who filed motion for new trial and diligently presents this appeal urging fundamental error in the failure of the trial court to appoint an attorney for appellant in his trial before the jury.

The agreed statement of facts reflects that on June 22, 1965, the case being called for trial: "The State of Texas announced ready for trial, and the defendant not having an attorney, was asked by the Court if he had an attorney. The defendant answered he did not. The Court then asked the defendant if he had talked to an attorney; the defendant answered he had not. The Court then asked the defendant if he wanted a lawyer; the defendant answered he did not. The defendant then announced ready for trial; and the jury was selected and duly empaneled; the jury panel was examined by the State and the Court explained to the Defendant that he had a right to ask any questions of the jury panel that

he desired in order to test their qualifications as fair and impartial jurors. After an explanation about strikes, he said he understood. The defendant asked no questions. Then the jury was selected and duly empaneled and sworn, the information read and thereafter the defendant again acknowledged he desired no attorney and entered a Plea of Not Guilty; whereupon the State of Texas called —— its first witness * * *."

 The right to have the assistance of counsel carried with it a correlative right to dispense with a lawyer's help. Adams v. U. S., 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Juelich v. United States, 5 Cir., 342 F.2d 29.

 We think it clear under the record that appellant was not without the assistance of counsel at his trial because of indigency but by choice.

Other claims of error urged are without merit.

The judgment is affirmed.