**Dave A. DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38955.**

Court of Criminal Appeals of Texas.

Feb. 16, 1966.

Lola L. Bonner (On Appeal Only), Rockport, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $250.

Texas Highway Patrolman Brown testified that about 1:40 a. m., he overtook a pickup travelling upon a public highway, which was twice driven from the right extreme side of the highway gradually across the center line to the opposite side of the highway within a distance of one mile, and by the use of the red light and siren on the patrol car the appellant stopped the pickup; that the appellant was unsteady in his movements and staggered after he got out of the pickup; that he could smell the odor of alcohol on his breath; and expressed the opinion that the appellant was intoxicated.

Joe Dominguez testified for the state and his testimony is substantially the same as that of the witness Brown.

Testifying in his own behalf, the appellant admitted driving the pickup upon the public highway, and that he had had several drinks of whiskey before he was stopped but that he was not drunk; that because of a strenuous day's work he was sleepy and that he was asleep rather than drunk at the time the patrolman stopped him.

■ The jury resolved the issue of intoxication against the appellant and the evidence is sufficient to support the conviction.

■ Appellant's sole contention in his brief is that the trial court erred in allowing his case to proceed to trial without first appointing counsel to represent him.

The record reveals that the following proceedings in this cause occurred at the bench out of the hearing of the jury:

"The Court: Are you represented by counsel, Mr. Davis? (appellant)

The Defendant: No, sir.

The Court: Is that a matter of choice, or a necessity?

The Defendant: I would say choice.

The Court: By choice. In other words, you are able to hire an attorney, but you choose and elect to be heard by the Court and the Jury, yourself, without benefit of counsel?

The Defendant: That is correct.

The Court: You realize that that places some burden on the trial; the trial has to be governed by rules of law and evidence and that you, in serving as your own counsel, must be governed by the rules of court, and you are subject to all the rules of the court just as if you were an attorney?

The Defendant: Well, sir, that will be fine.

The Court: All right. You understand that you have right to have witnesses in your behalf and have process whereby you may subpoena them to be here. Do you have witnesses, or do you desire witnesses?

The Defendant: No, sir, I have none.

The Court: Now, when the Jury is selected, you will have the right to strike three names from that list without any cause whatsoever. (The court further advised the appellant upon jury selection procedure.)

The Court: The cause of the State of Texas versus Dave A. Davis is called, Number 1738.

Mr. Clark: The State is ready, Your Honor.

The Court: Is the Defendant ready?

The Defendant: Yes, sir, I am ready."

From the record as shown, it is concluded that the appellant expressly waived his right to counsel upon the trial of this cause. Beardsley v. State, Tex.Cr.App., 394 S.W. 2d 801; Brignon v. State, Tex.Cr.App., 399 S.W.2d 810, dated February 16, 1966; Adams v. United States, ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Juelich v. United States, 5 Cir., 342 F.2d 29.

The judgment is affirmed.

Opinion approved by the Court.