**Herbert E. JUELICH, Petitioner-Appellant,**

v.

**C. E. HARRIS, Warden, et al., Respondents-Appellees.**

**No. 17944.**

United States Court of Appeals, Seventh Circuit.

May 7, 1970.

---

[1]. Pursuant to our local Rule 18 we decide this case on the briefs and record.

———◆———

Herbert E. Juelich, Marion, Ill., pro se.

Jonathan J. Seagle, Asst. U. S. Atty., Danville, Ill., Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., for appellees.

Before CASTLE, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

PER CURIAM.

Herbert E. Juelich, petitioner-appellant, prosecutes this appeal from an order of the District Court denying his application for a writ of habeas corpus in which he sought release from confinement in the United States Penitentiary at Marion, Illinois, under a life sentence imposed upon him by the United States District Court for the Southern District of Alabama [1] for the murder of a Deputy United States Marshal in an escape from custody. The indictment under which petitioner was convicted was returned by the United States Grand Jury for the Northern District of Georgia, Rome Division. It charged violation of 18 U.S.C. §§ 1111 and 1114.

In his motion for the writ petitioner asserts that he "is not contesting trial procedure, jurisdiction or even the indictment", except insofar as the indictment under which he was convicted was returned by a grand jury selected in violation of the Constitution and Laws of the United States. In this connection petitioner alleges that the grand jury list was compiled by "highly illegal methods" which resulted in an "impermissible, systematic, total exclusion of women—a major exclusion of negroes—and the dire exclusion of approximately two-thirds of the counties eligible for jury duty" and thus denied him "a true cross-section of the northern community of the State of Georgia".

The motion discloses that his present allegations are the first challenge he has made to the selection of the grand jury which returned the indictment under which he was tried and convicted. The challenge thus comes some fifteen years and ten months after the return of the indictment.

We agree with the District Court's conclusion, set forth in its memorandum order filed in this cause, that petitioner's failure to comply with the requirements of Rule 12(b) (2) of the Federal Rules of Criminal Procedure concerning the making of objections to the selection of the grand jury constitutes a waiver [2] of any such objections. Shotwell Manufacturing Co. v. United States, 371 U.S. 341, 362–363, 83 S.Ct. 448, 9 L.Ed.2d 357; Scales v. United States, 367 U.S. 203, 259, 81 S.Ct. 1469, 6 L.Ed.2d 782; United States v. Clancy, 7 Cir., 276 F.2d 617, 631, rev'd on other grounds 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574.

The judgment order of the District Court is affirmed.

Affirmed.

---

1. The conviction in the Southern District of Alabama occurred on a change of venue following reversal of an earlier conviction for the offense in the United States District Court for the Northern District of Georgia. See: Juelich v. United States, 5 Cir., 214 F.2d 950; Juelich v. United States, 5 Cir., 300 F.2d 381; Juelich v. United States, 5 Cir., 316 F.2d 726; Juelich v. United States, 5 Cir., 342 F.2d 29.

2. Such objections are to be made by motion prior to trial. The Rule provides that for cause shown the trial court may grant relief from the waiver. But such relief is not available in a collateral attack on the conviction in a habeas corpus proceeding. Cf. United States v. Taylor, 2 Cir., 207 F. 2d 437; Forthoffer v. Swope, 9 Cir., 103 F.2d 707, 709.