GRIMES, Judge.
The issue presented by this case is whether the rule of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which gives an accused the constitutional right to represent himself should be given retroactive application.
Appellant was charged with robbery and kidnapping. Prior to trial, he filed a pro se motion to dismiss his appointed public defender in order to defend himself. The motion was denied. Appellant was represented by the public defender during his trial at which he was convicted. He took a direct appeal in which the issue of the denial of self representation was specifically raised. This court affirmed the appellant’s conviction by a decision without opinion in Scott v. State, 308 So.2d 213 (Fla. 2d DCA 1975).
Several months later, the United States Supreme Court held that a criminal defendant has a right to knowingly and intelligently decide to represent himself. Faretta v. California, supra. Appellant subsequently filed a motion for post-conviction relief in which he asserted the retroactivity of the Faretta decision. The court below ruled that Faretta is not retroactive. This is an appeal from the denial of that motion.
The United States Supreme Court has set forth the criteria to be used in determining whether a newly adopted constitutional ruling is retroactive. These criteria are: (1) the purpose of the new standard; (2) the extent» of reliance upon the old standard; and (3) the effect upon the administration of justice of a retroactive application of the new standard. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

The Purpose of the New Standard

New rules have been held to be retroactive where the major purpose of the new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth finding function and so raises questions about the accuracy of guilty verdicts in past trials. Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). Retroactivity has been denied where the court has been unable to conclude that the newly proscribed practice of the past presents a substantial likelihood that the results of a number of those trials were factually incorrect. Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971); see Williams v. United States, supra. Applying this criteria to Faretta, the decision should not be applied retroactively.
The Supreme Court in Faretta tacitly acknowledged that ordinarily the rights of a criminal defendant will be better protected through the assistance of counsel when it said:
*416 “There can be no blinking the fact that the right of an accused to conduct his own defense seems to cut against the grain of this Court’s decisions holding that the Constitution requires that no accused can be convicted and imprisoned unless he has been accorded the right to the assistance of counsel. . . . For it is surely true that the basic thesis of those decisions is that the help of a lawyer is essential to assure the defendant a fair trial. .
******
“It is undeniable that in most criminal prosecutions defendants could better defend with counsel’s guidance than by their own unskilled efforts. . . .”
Nevertheless, the court held that the defendant’s free choice to defend himself must be honored.
Thus, in applying the first criterion, we agree with the Supreme Court of California in People v. McDaniel, 16 Cal.3d 156, 127 Cal.Rptr. 467, at 473, 545 P.2d 843 at 849 (1976), cert. denied, McDaniel v. California, 429 U.S. 847, 97 S.Ct. 131, 50 L.Ed.2d 119 (1976) when it declined to give Faretta retroactive effect and stated:
“. . . the purpose of the rule is to secure to an accused the personal freedom to choose how and by whom he will defend against a criminal charge. It is manifest . . . that compliance with the rule is not intended by the majority of the court in Faretta to enhance the reliability of the truth-determining or fact-finding process, as the majority anticipate and indeed concede, that such compliance will most likely have the directly opposite effect.”

The Extent of Reliance Upon the Old Standard

In considering the second criterion, we find that prior to Faretta, the rule in Florida was that an accused who was mentally competent and sui juris had the right to conduct his own defense in the absence of unusual circumstances. Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), reversed on other grounds, State v. Cappetta, 216 So.2d 749 (Fla.1968); Hammond v. State, 264 So.2d 463 (Fla. 1st DCA 1972). The unusual circumstances included, but were not limited to:
“. '. . whether the accused by reason of age, mental derangement, lack of knowledge, or education, or inexperience in criminal procedures would be deprived of a fair trial if allowed to conduct his own defense, or in any case, where the complexity of the crime was such that in the interest of justice legal representation was necessary. . . . ” Cappetta v. State at 918.
The determination of whether there were unusual circumstances rested in the sound discretion of the court and was not to be disturbed absent an abuse of that discretion. Cappetta v. State, supra.
In denying the request for self representation, the court acknowledged that the appellant was sui juris and mentally competent. The reasons given for the denial were that the appellant lacked the formal or practical education in the law necessary to conduct his own defense and that the case was one of great complexity which involved numbers of witnesses and tangible items of evidence far in excess of the norm. We upheld the discretion of the court in denying the appellant the right to represent himself when we affirmed the judgment in his direct appeal. Our affirmance in that case was in reliance upon the law of Florida as it existed at that time.

The Effect Upon the Administration of Justice of a Retroactive Application of the New Standard

We cannot know for certain, but we assume that there are a sizeable number of persons in Florida who have been convicted following the denial of their requests to represent themselves. Should Faretta be applied retroactively, these persons would have to be retried. The retroactive application might also prompt the contention that unless a person was advised that he had the right to represent himself, it could not be said that he has knowingly and intelligently decided not to do so. Finally, since a retro *417 active application of Faretta would allow convicted persons without adequate legal training to be granted new trials in which they could defend themselves, it seems evident that the great majority of these cases would be concluded with the same result. Such acquittals as might obtain would more logically be attributable to the absence or failing memory of witnesses rather than the legal skills of the individual defendants.
Since all three criteria mitigate against it, we hold that Faretta should not be applied retroactively in this state. Accord, People v. McDaniel, supra; Houston v. Nelson, 404 F.Supp. 1108 (C.D.Cal.1975); contra, People v. Holcomb, 395 Mich. 326, 235 N.W.2d 343 (1975).
AFFIRMED.
BOARDMAN, C. J., and McNULTY, J., concur.