**James Robert SCOTT, Jr.,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent-Appellee.**

**No. 79–2067.**

United States Court of Appeals, Fifth Circuit.

May 14, 1980.

Rehearing and Rehearing En Banc Denied June 18, 1980.

---

Richard A. Belz, Florida Institutional Legal Services, Inc., Gainesville, Fla., for petitioner-appellant.

William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before SIMPSON, CHARLES CLARK and FRANK M. JOHNSON, Jr., Circuit Judges.

SIMPSON, Circuit Judge:

In this habeas case petitioner Scott argues that the Florida court erroneously denied him his constitutional right to self representation in his criminal trial. The district court denied habeas relief and held that the Fifth Circuit did not recognize an absolute constitutional right to self representation prior to the Supreme Court's decision in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and that *Faretta* is not retroactive. The law in this circuit at the time of Scott's trial accorded criminal defendants the constitutional right to self representation. We reverse, and remand.

On the afternoon of December 27, 1973 a lone gunman robbed the Yalaha, Florida post office and abducted the elderly postmistress. Petitioner Scott was tried and convicted of these crimes in a Florida court. Prior to trial Scott filed a motion to dismiss his appointed public defender and defend pro se. Even though the trial judge found Scott sui juris and mentally competent, he denied the motion because Scott lacked legal education and because of the complexity of the case. Scott was represented by a public defender during the trial.

On appeal the conviction was affirmed per curiam. *Scott v. State*, 308 So.2d 213 (Fla.App.1975). Several months later the Supreme Court held, in *Faretta, supra*, that a criminal defendant has a Sixth Amendment right to represent himself if he knowingly and intelligently elects to do so and that a defendant need not have the skill or experience of a lawyer in order to competently and intelligently choose self representation. Subsequently Scott sought, and was denied post conviction relief in the state trial court. On appeal the Florida appellate court held that *Faretta* is not retroactive and affirmed. *Scott v. State*, 345 So.2d 414 (Fla.App.1977), *cert. denied*, 434 U.S. 853, 98 S.Ct. 168, 54 L.Ed.2d 123.

Undaunted, Scott filed the present habeas petition in the district court alleging that he was being held in violation of the constitution because the state trial court denied his motion to defend pro se. The cause was argued before a United States magistrate. The magistrate filed a lengthy report and recommendation reviewing the pertinent decisional law of this circuit and concluding that prior to *Faretta* this circuit did not accord a criminal defendant an absolute constitutional right to self representation and that *Faretta* is not retroactive. The district court adopted the magistrate's report as its own opinion and denied habeas relief. The present appeal followed.

*Faretta* decisively held that a criminal defendant has a Sixth Amendment constitutional right to represent himself. The

right applies to criminal defendants in state courts through the due process clause of the Fourteenth Amendment. *Id.* 422 U.S. at 819, n. 15, 95 S.Ct. at 2543; *Duncan v. Louisiana,* 391 U.S. 145, 148, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). Prior to *Faretta* the Supreme Court had not clearly held the right to self representation to be of constitutional status. *Stepp v. Estelle,* 524 F.2d 447, 450 (5th Cir. 1975); *United States v. Dougherty,* 473 F.2d 1113, 1121–23 (D.C. Cir.1972). However there was dictum to that effect in *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942).[1] The *Adams* dictum spawned a line of Fifth Circuit cases which lead us to conclude that at the time of petitioner's criminal trial he had a constitutional right to represent himself which was erroneously denied him.

The seminal Fifth Circuit case is *MacKenna v. Ellis,* 263 F.2d 35 (5th Cir. 1959), *cert. denied,* 360 U.S. 935, 79 S.Ct. 1453, 3 L.Ed.2d 1546 [hereinafter referred to as *MacKenna I* ]. MacKenna sought habeas relief from a state court conviction because the trial court had allegedly denied him due process by refusing to let him represent himself and, instead, forced him to go to trial represented by inexperienced and incompetent counsel. This court stated:

> The defendant, being sui juris and mentally competent, had a right to rely on his own skill and ability and to conduct his defense in person without the assistance of counsel; and the court was not justified in imposing assigned counsel on the

defendant against his will. Clearly, we think, it would be a denial of due process of law for the court to refuse to permit the accused, sui juris and mentally competent to defend himself and, instead, require him to accept the services of inexperienced and incompetent counsel . . .

*Id.* at 41. We think the quoted language clearly states that the right to self representation is of constitutional dimension. Furthermore the cases cited in support of the first sentence of the quote so hold. See, *Adams v. United States ex rel. McCann, supra,* 317 U.S. at 279, 63 S.Ct. at 241–42, 87 L.Ed.at 274–75; *United States v. Private Brands,* 250 F.2d 554, 557 (2d Cir. 1957); *Simpson v. State,* 141 Tex.Cr.R. 324, 148 S.W.2d 852, 853 (1941). Subsequent decisions of this court reinforce our interpretation.

MacKenna's cause came before this court a second time *[MacKenna II]* after the district court denied habeas following remand in *MacKenna I.* *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir. 1960) *modified,* 289 F.2d 928 (5th Cir.), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). *MacKenna II* dwelt mainly on the issue of effective assistance of counsel. Nevertheless, the court once again stated that although a trial judge may appoint counsel over the protest of a criminal defendant when he lacks the intelligence or education to conduct his own defense, a defendant who is sui juris and mentally competent has "a right to rely on his own skill and ability and to conduct his defense in person without the assistance of counsel." [2]

---

1. *Stepp v. Estelle, supra,* 524 F.2d at 450. The dictum in *Adams* follows:

   The right to assistance of counsel and the correlative right to dispense with a lawyer's help are not legal formalisms. They rest on considerations that go to the substance of an accused's position before the law. . . . . . . What were contrived as protections for the accused should not be turned into fetters. . . . . To deny an accused a choice of procedure in circumstances in which he, though a layman, is as capable as any lawyer of making an intelligent choice, is to impair the worth of great Constitutional safeguards by treating them as empty verbalisms.

   . . . . When the administration of the criminal law . . . is hedged about as it is by the Constitutional safeguards for the protection of an accused, to deny him in the exercise of his free choice the right to dispense with some of these safeguards . . is to imprison a man in his privileges and call it the Constitution.
   *Id.* 317 U.S. at 279–280, 63 S.Ct. at 241–42.

2. *Id.* at 599, *quoting, MacKenna I, supra,* 263 F.2d at 40–41. We discern no meaningful distinction between the "sui juris and mentally competent" requirements of *MacKenna I* and *MacKenna II* and the Supreme Court's declaration in *Faretta* that the right to self representa-

The magistrate's report interprets *MacKenna I* and *MacKenna II* to merely hold that a criminal defendant is denied due process if he is forced to accept inexperienced or incompetent counsel. The two *MacKenna* decisions do stand for that proposition, but the decisions also hold that a criminal defendant has a constitutional right to self representation. Our conclusion is supported by decisions post-*MacKenna*.

In *Juelich v. United States*, 342 F.2d 29 (5th Cir. 1965), this court stated in dictum that the right to defend pro se is a constitutionally protected right.[3] There is other language in *Juelich*, also in dictum, which suggests that appointment of counsel may be mandatory on due process grounds "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel." *Id.* at 32, *quoting, Dillon v. United States*, 307 F.2d 445 (9th Cir. 1962). The first condition, "the circumstances of a defendant" is merely a less precise way of stating that a defendant must be sui juris and mentally competent before he can knowingly and intelligently waive his right to counsel. *See, Faretta, supra,* 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581; *MacKenna I, supra,* 263 F.2d at 41. The second condition, "the difficulties involved in presenting a particular matter," is more troublesome. Nevertheless we reject any implication in *Juelich* that the right of self representation may be denied simply because of the complexity of the case.[4] Further, the dictum in *Juelich* cannot be interpreted to require the accused to have the experience and training of a lawyer without emasculating the constitutional right to self representation. The right to defend pro se extended to non-lawyers before *Faretta*.

A glimmer of light was shed on the issue by *Middlebrooks v. United States*, 457 F.2d 657 (5th Cir. 1972), *cert. denied*, 409 U.S. 848, 93 S.Ct. 55, 34 L.Ed.2d 90. There the defendant unsuccessfully represented himself in the district court against charges of mail fraud. He sought and was denied post conviction relief on the ground that his waiver of the right to counsel was not knowing and intelligent. This court affirmed, stating that the decision to defend pro se was "a reasonable exercise of . . . [the defendant's] freedom of choice." *Id.* at 659. The court flatly rejected the defendant's argument that the mere rejection of the right to counsel established the lack of mental competence to make a knowing and intelligent waiver of right to counsel. *Id.* at 659–60.

The pre-*Faretta* cases discussed above established that the law in this circuit even before *Faretta* was that a criminal defendant has a constitutional right to defend pro se and that the right is only conditioned upon a knowing and intelligent waiver of the corresponding constitutional right to be represented by counsel. Any doubt or confusion as to our pre-*Faretta* law was dispelled by three of our post-*Faretta* deci-

---

tion must be preceded by a knowing and intelligent waiver of the corresponding right to counsel. *See, Faretta, supra,* 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581. Obviously a defendant must be sui juris and competent before he can make such a waiver. However, neither *Faretta* nor *MacKenna* requires a criminal defendant to have the knowledge and experience of a lawyer before he can conduct his own defense.

3. The discussion of the Sixth Amendment right to counsel in *Juelich* is dictum because the case involved denial of the right during habeas proceedings. The Sixth Amendment does not apply in that circumstance. *Id.* at 31–32. However, a habeas petitioner does have a statutory right to self representation. 28 U.S.C. § 1654.

4. See *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) wherein this court acknowledged a line of cases in other jurisdictions which hold that the right may be denied in certain circumstances. *Id.* at 277, n. 4.

The state court gave the complexity of the case as a reason for denying Scott's motion to defend pro se. The record reveals that the case involved rather simple fact questions only. If a trial court could deny the constitutional right in the instant fact situation, then the right could be denied on case complexity grounds in the majority of criminal trials. A constitutional right cannot rest on such tenuous grounds.

sions. All three involved the right to self representation in criminal trials occurring before *Faretta* was decided by the Supreme Court.

*United States v. Garcia, supra* note 4, was decided several weeks after *Faretta*. The issue was whether a criminal defendant could waive the right to conflict-free assistance of counsel. This court concluded that if a defendant can altogether waive the right to representation of counsel then he can waive the right to conflict-free counsel. *Id.* at 277. It is significant that *MacKenna* and *Faretta* were cited side by side for the proposition that a defendant can dispense with the right to be represented by counsel. *Garcia, supra,* 517 F.2d at 277. We there expressed awareness of a line of cases holding that the right to self representation may be denied in certain circumstances, but no Fifth Circuit cases were cited as a part of that line. *Id.* at n. 4. The most logical inference to be drawn is that the *Garcia* court concluded that *MacKenna I* and *Faretta* stand for and define the same constitutional right.

*Stepp v. Estelle,* 524 F.2d 447 (5th Cir. 1975) was decided six months after *Faretta*. There the defendant argued that he was not mentally competent at his state court trial and that therefore the state had committed constitutional error by allowing him to defend pro se. This court held that the district court's determination of lack of mental capacity to waive counsel was clearly erroneous. *Id.* at 449. The opinion makes four points which are relevant to the instant case. First, although the Supreme Court had not previously held that the pro se right is of constitutional status, there was dictum to that effect in *Adams, supra,* 317 U.S. at 279–80, 63 S.Ct. at 241–42, 87 L.Ed. at 274–75. *Stepp v. Estelle, supra,* 524 F.2d at 450. Second, in the thirty years following *Adams,* the majority of the circuits recognized the pro se right as a constitutional right derived from the Sixth Amendment. *Id.* at 451. Third, this circuit's opinions in *Juelich, supra,* and *Middlebrooks, supra,* were cited as holding that a criminal defendant has a Sixth Amendment right to proceed pro se. Finally, the opin-

ion applied the principles laid down in *Faretta,* but did not specifically discuss whether *Faretta* is retroactive.

*Chapman v. United States,* 553 F.2d 886 (5th Cir. 1977), was decided two years after *Faretta*. A federal trial court denied Chapman's request to defend pro se and convicted him of attempted escape from a federal penitentiary. In the appeal from denial of habeas relief the government argued that *Faretta* is not retroactive and that the denial of the right to defend was, at most, violation of a statutory right. 28 U.S.C. § 1654, and therefore harmless error. We held that the question of retroactivity was not presented under the *Chapman* facts because the issue arises only when the Supreme Court announces a new rule and because the rule in the Fifth Circuit at the time of Chapman's trial was that a criminal defendant has a constitutional right to represent himself. *MacKenna I, Juelich,* and *Middlebrooks* were cited in support of this proposition. The court held on alternate grounds, and perhaps unnecessarily, that "even had we not explicitly characterized the right to defend pro se a Sixth Amendment right prior to *Faretta,* the constitutional basis of that right should be retroactively applied at least where the right was independently guaranteed by § 1654." *Id.* at 890.

The magistrate's report and recommendation in this case, adopted as the opinion of the district court, goes to great lengths in attempting to explain why the "dictum" in *Chapman* is an erroneous interpretation of *MacKenna* and its progeny. First, Chapman's discussion of the constitutional derivation of the self representation right was not dictum. One issue was whether the harmless error rule applied. If the right was of constitutional dimension then the rule did not apply, but if the rule was only a statutory right then the harmless error rule would apply. *Chapman, supra,* 553 F.2d at 891, n. 9. Therefore, it was necessary to the decision of the case to determine the source of the pro se right. Secondly, we feel constrained to point out that once *Chapman* outlined the parameters of pre-

*Faretta* Fifth Circuit law, the principle of stare decisis required the district court (and this panel) to follow that law.

Appellee's argument that the harmless error rule should be applied is meritless. *Chapman* holds that the harmless error doctrine does not apply to denials of the *right* to self representation. *Id.* at 891, n. 9.

As an alternate ground for granting the pro se right constitutional stature *Chapman* concluded that *Faretta* is retroactive at least in the federal court setting where it is independently guaranteed by 28 U.S.C. § 1654. *Id.* at 890. The instant case involves denial of the right in a state court, and 28 U.S.C. § 1654 is hence not applicable. We need not reach the question of retroactivity of *Faretta* in this setting because the law of this circuit granted the right long before the Supreme Court decided *Faretta.*

Petitioner Scott is entitled to habeas relief because of the denial of his constitutional right of self representation in his state court trial.

Upon remand, the district court should allow the State of Florida a reasonable time within which to re-try Scott before making the issuance of the writ final.

REVERSED and REMANDED.