**Carl Edwin WIGGINS,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

No. 80–2278.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1982.

Craig Smyser, Houston, Tex., for petitioner-appellant.

Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

---

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion July 26, 1982, 5 Cir., 1982,
681 F.2d 266)

Before GARZA, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Suggestion for Rehearing En Banc is also DENIED.

Before CHARLES CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges *.

E. GRADY JOLLY, Circuit Judge, with whom CLARK, Chief Judge, BROWN, GEE and GARWOOD, Circuit Judges, join, dissenting from denial of Suggestion for Rehearing En Banc:

The issue presented by this case is one of first impression and concerns the question of whether a criminal defendant's Sixth Amendment *pro se* rights under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), are violated when court-appointed standby counsel intermittently interrupts the defendant's presentation of his case.

Because I am convinced that the defendant did conduct his own defense and that the occasional interruptions by standby counsel were harmless, and because of the precedential effect of this case and its impact on the conduct of criminal trials in the future, I respectfully dissent from Judge Garza's thoughtful, well-written opinion.

---

* Judge Garza, author of the opinion, took senior status just prior to the rendition of the opinion and did not participate in the en banc vote.

In this opinion the panel has stated that the test in assessing violation, *vel non,* of a defendant's right to self-representation is one of "harmless error." Elucidating the applicability of this test, the panel has cited *Chapman v. United States,* 553 F.2d 886, 891 (5th Cir. 1977), which stated in dictum that harmless error exists where the defendant is "afforded a genuine opportunity to help conduct his defense." *Wiggins v. Estelle,* 681 F.2d 266 at 274 n.26 (5th Cir. 1982).[1]

In making a determination of whether there has been harmless error, "an examination of the record as a whole is necessary; passages are to be examined in context, and evaluated in light of their effect on the total mix." *Id.* at 274.

Viewing the record of this 4-day trial "as a whole," the inescapable conclusion is that not only did Wiggins have a "genuine opportunity to *help* conduct his defense," he did *in fact* conduct his defense. He conducted the voir dire without assistance or interference from counsel, made the opening statement to the jury, examined and cross-examined witnesses, objected to evidence and arguments, and argued his case to the jury at both stages of the bifurcated trial.

When conflict occasionally arose between the defendant and standby counsel, the trial court recognized the defendant's *pro se* rights and sustained his position. When standby counsel sought to interject something, the trial court inquired specifically as to whether the defendant had given his permission.

On the whole, the defendant and counsel worked well together in full view of the jury. The defendant accepted numerous objections made by standby counsel and participated jointly with him in matters such as cross-examination and arguments to the jury.

In my view, the few incidents of interference which occurred were, examined in context, harmless under the *Chapman* standard. These incidents, which involved the use of profanity by standby counsel, were embarrassing to the trial court and are embarrassing to this court. This impropriety does not alter the fact that the defendant conducted his own trial within the framework laid down in *Faretta.* We should not allow our embarrassment to create bad precedent as a means of apologizing.

The importance of this case arises from the fact that the rule enunciated therein that standby counsel is "to be seen and not heard" creates numerous difficulties for trial court judges in their conduct of criminal trials. This rule defies the rough-and-tumble realities of a fast-moving criminal trial and places judges in an impractical, inflexible strait-jacket. I am concerned that it presents opportunities for ill-motivated defendants (or their attorneys for that matter) to set-up and sandbag the trial court into committing error.[2]

The perfect trial has yet to be conducted. Its impossibility cannot, of course, deter our efforts for its achievement. Nevertheless, we must be aware of the realities with which trial judges grapple, day in and day out. It is my view that the panel lost that awareness, and that the en banc court

---

1. In *Chapman,* the court cited *Juelich v. United States,* 342 F.2d 29 (5th Cir. 1965), as an "appropriate use of the harmless error doctrine." 553 F.2d at 891 n.9. In *Juelich* this court held that denial of the *statutory* right to *pro se* defense under 28 U.S.C. § 1654 was not *per se* grounds for reversal, absent a showing of prejudice:

    A careful reading of the record convinces us that appointed counsel was able, diligent and faithful, and that his participation in the trial certainly did not prejudice Juelich. Indeed, Juelich himself was freely permitted to assign additional grounds for his motion to va-

cate, to testify at length in his own behalf, to ask questions of the witnesses, and to argue his contentions. He thus had the benefit both of his counsel's services and of his own direct participation in the hearing. He was in no way prejudiced by the presence and participation of his counsel.
    342 F.2d at 33.

2. I note, for example, that in this case the defendant pleaded, alternatively, ineffective assistance of counsel. Following the dictates of this case, I would not be surprised to see such either/or appeals become routine practice.

should review this case before it becomes precedent in this circuit. I therefore dissent from the decision not to grant en banc.