United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41316
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CARLOS QUINONES MONDRAGON, also known as Yovani Rosas-Campos

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Southern District of Texas, Brownsville Division
(B-02-CR-207-1)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Carlos Quinones Mondragon ("Quinones") appeals his sentence for illegal reentry after

deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326.

Quinones argues that his guilty plea in a prior case –for which, in the case at hand, he received

two criminal history points under the Sentencing Guidelines– was unconstitutional because his

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

waiver of the right to counsel was invalid.

A conviction obtained in violation of the right to counsel may not be used to enhance a defendant's sentence in a subsequent case. *See United States v. Tucker*, 404 U.S. 443, 449 (1972). Under *Faretta v. California*, 422 U.S. 806 (1975), "a criminal defendant has a Sixth Amendment right to represent himself if he knowingly and intelligently elects to do so." *Scott v. Wainwright*, 617 F.2d 99, 100 (5th Cir. 1980).

The transcript of the guilty-plea hearing in the prior case shows that the court complied with the dictates of FED. R. CRIM. P. 11, in particular, the requirement that it inform Quinones of his right to counsel, and that he knowingly waived that right. Quinones argues, however, that he was not "made aware of the dangers and disadvantages of self-representation." *See Faretta*, 422 U.S. at 835 (internal quotation marks and citation omitted). In light of the court's ascertainment that Quinones was not coerced into waiving his right to counsel, that he understood the nature of the charges against him, the consequences of the proceedings, and the practical meaning of the right he was waiving, Quinones has failed to carry his burden of proving that his waiver of the right to counsel was invalid. *See United States v. Osbourne*, 68 F.3d 94, 100 (5th Cir. 1995)

Quinones also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). He acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez-Torres* and, accordingly, this Court is bound to reject Quinones's argument. *Apprendi*, 530 U.S. at 489-90, 496; *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 434 (5th Cir. 2001);*United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.